MRS. C. PROETZEL v. FRANK RABEL ET AL.

Decided November 15, 1899.

**1. Superior Title—Vendor's Lien.**

Where a deed of land recites that notes are given for an unpaid part of the purchase money, and the notes also so recite, but neither in the deed nor in the notes is there any express statement that the vendor's lien is reserved, the superior title and right of rescission does not remain in the vendor, and he has only an equitable vendor's lien.

**2. Equitable Vendor's Lien—Extending Note.**

Where notes carrying an equitable vendor's lien because given for land are extended by written acknowledgment of the maker, such lien is thereby also preserved.

**3. Same—Acknowledgment by Wife.**

Where land was deeded to a husband and wife, and in part consideration therefor they gave their joint note, and afterwards the husband died and the wife married again, her subsequent written acknowledgment extending the note preserved the debt as against her community half interest in the land, but not as against the interest of the husband inherited by her children as his heirs.

APPEAL from Fayette. Tried below before Hon. H. TEICHMULLER.

*L. W. Moore* and *Robson & Duncan,* for appellant.

*Brown, Lane & Garwood,* for appellee.

GARRETT, CHIEF JUSTICE.— The appellant sued the appellees for the recovery of certain land described in the petition, or in case the court should decide appellees were entitled to retain the land upon payment of the purchase money, that plaintiff have judgment for the amount of two certain promissory notes set out in the petition, which the petition averred were executed by the defendant Aloisa Rabel and her former husband, now deceased, one Franz Lobpreis, in part payment of the land sued for, and that plaintiff have a decree establishing a vendor's lien upon the land with an order directing the sale thereof in satisfaction of her payment.

The defendants answered by general and special exceptions, and the exceptions were sustained, and plaintiff declining to amend, her suit was dismissed and she appealed to this court.

The petition alleged that the land sued for was purchased by Franz Lobpreis and his wife Aloisa in September, 1885, and that afterwards the said Franz died, leaving surviving him his said wife, Aloisa, and their seven children, Joseph, William, Frank, Mary, Louise, Rudolph, and Edward Lobpreis. That said land was purchased from one J. M. Hatchett and his wife, S. E. Hatchett, and the deed of conveyance is made a part of the petition, which deed, omitting the field notes of the lands, is in these words:

"*State of Texas, County of Fayette.*—Know all men by these presents: That we, J. M. Hatchett and S. E. Hatchett, his wife, of the county of

Fayette, State aforesaid, in consideration of the sum of three thousand dollars, to us in hand paid by Franz and Aloisa Lobpreis and secured to be paid by them, viz., $1500 cash in hand, the receipt whereof is hereby acknowledged, and one vendor lien note of $1000, payable without interest if paid within two or three weeks after December 1, 1885, afterwards with 12 per cent per annum, and one note of $500 with 10 per cent interest payable two years after date, interest of notes payable annually after date, have granted sold, and conveyed, and by these presents do grant, sell, and convey unto the said Franz Lobpreis and Aloisa Lobpreis, his wife, of the county of Fayette and State of Texas all the certain two tracts of land described as follows [description omitted], containing 191½ acres more or less. It is expressly understood that the sum of $2300 is paid by said Aloisa Lobpreis from her own money. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto said Franz Lobpreis and Aloisa Lobpreis, their heirs and assigns forever. And I do hereby bind me and my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said Franz Lobpreis and Aloisa Lobpreis and their assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands at Schulenburg this 19th day of September, A. D. 1885."

The notes sued on and alleged to have been given in part payment of the said lands are set out in the petition and are in these words:

"SCHULENBURG, Sept. 19, 1885.

"On or before the first day of December, 1885, we or either of us promise to pay to J. M. Hatchett or order the sum of one thousand dollars without interest until December, 1885, after said last mentioned date with interest at the rate of 12 per centum per annum, payable annually from date. This note is given as part purchase money for 191½ acres of land of the Jesse Burnam league in Fayette County, Texas, and is mentioned in deed of even date herewith from J. M. Hatchett and wife to Franz and Aloisa Lobpreis. In case that this note has to be collected by law we agree to pay 10 per cent additional attorney's fees.

"Witness our hands at Schulenburg the 19th day of September, A. D. 1885.

(Signed)    "FRANZ LOBPREIS.
             "ALOISA LOBPREIS.

"Witnesses: C. T. Willrich, Chas. Dworsky."

"SCHULENBURG, Sept. 19, 1885.

"On or before the 19th of September, 1887, we or either of us promise to pay to J. M. Hatchett, or order, the sum of five hundred dollars, with 10 per cent interest from date, interest payable annually when due.

This note is given as part purchase money for 191½ acres of land of the Jesse Burnam league of Fayette County, and is mentioned in deed of even date herewith from J. M. Hatchett and wife to Franz and Aloisa Lobpreis. In case this has to be collected by law, we agree to pay 10 per cent additional attorney's fees. Witness our hands at Schulenburg this 19th day of September, 1885.

(Signed) "FRANZ LOBPREIS.<br>
"ALOISA LOBPREIS."

"Witnesses: C. T. Willrich, Chas. Dworsky."

[Here, at 10 o'clock p. m., November 7, 1899, the late Associate Justice H. C. Pleasants laid down his life's work. He was engaged in preparing this opinion when the final summons came, and in two hours had gone hence to eternal rest.]

That in due course of trade the said notes were for a valuable consideration transferred by Hatchett to R. Wolters, who transferred them to C. Proetzel, and that the said Hatchett had sold and conveyed to the plaintiff his superior title to the land for which said notes had been executed. It was further averred that the said Franz Lobpreis, by indorsement thereon in writing, renewed the said note for $1000 on September —, 1889, and promised to pay the same, less certain credits thereon indorsed, and afterwards died intestate; that the said Aloisa Lobpreis was married to her present husband, Franz Rabel, on November 23, 1892. That on September 1, 1893, and afterwards on August 26, 1897, when said notes were about to become barred by limitation and the holder was threatening to foreclose the vendor's lien on the land, the said Aloisa Rabel, together with her husband, Franz Rabel, renewed both of said notes by written indorsement on each of them as follows: "Within note remains unpaid except such credits as herein given, and I hereby renew my promise of payment. This September 1, 1893. (Signed) Aloisa Rabel, Franz Rabel."

Plaintiff also averred that at the time of the death of the said Franz Lobpreis, he and his said wife and children were occupying the land as a homestead, and that the said Aloisa and her children have continued to occupy the same as a homestead, claiming title under the deed from Hatchett; that the said Aloisa as surviving wife took charge, control, and management of all the property belonging to the estate of said Franz Lobpreis, and that there has never been any administration opened thereon, nor did she ever qualify as the survivor of her said husband upon their community estate; but that she controlled and managed the same and paid all the debts without letters of administration. There were other allegations contained in the petition to show that separate means of the wife had been paid for the land.

From the foregoing brief statement of the facts alleged, which were more fully set out in the petition, it appears that the deed of conveyance

from Hatchett and wife to Lobpreis and wife did not contain a reservation of the vendor's lien for the payment of the notes given for the purchase money. A mere recital in the deed showing that a part of the purchase money is evidenced by promissory notes described therein does not retain the vendor's lien, which is necessary in order to keep the superior title in the vendor. Nor do the notes executed by Lobpreis and his wife for the deferred payments help the deed. They contain only a recital that they were given for a part of the purchase money, and do not show that a lien was retained. The conveyance must be construed as an executed contract, which vested the title to the land in the grantees subject only to an equitable lien for the balance of the purchase money evidenced by the notes. Such being the case, the plaintiff did not show herself entitled to rescind the conveyance or to recover the land in event of default in the payment of the purchase money.

But plaintiff would have the right to foreclose the vendor's lien on the land for the balance due on the notes if the same were not barred by the statute of limitations when her petition was filed. It does not appear from the petition but that the note for $500 was barred. The note for $1000, however, was renewed by Lobpreis some time in September, 1889, and was afterwards sought to be renewed by the said Aloisa and her husband Franz Rabel, first on September 1, 1893, and next on August 26, 1897. If the said Aloisa had power to renew or assume the note the dates of the renewal show that the $1000 note was not barred when the suit was brought. From the petition it appears that the land was at least the community property of the said Aloisa and Franz Lobpreis when the latter died. At his death she became vested in her own right with title to this one-half of the land. If it should be shown, as was averred in the petition, that separate means of the wife were invested in the land, her interest in it would be greater. She then had a separate estate in the land about which she had the power under the statute to contract. Rev. Stats., art. 2970. The holder of the notes was threatening suit and foreclosure of the vendor's lien. In order to procure an extension of time in which to enable her to make the payment and thus save her property from forced sale and loss to her. she undertook to renew or assume the original obligation for the purchase money. This we think, under the circumstances, she had the power to do, and that the renewal of the note was valid and saved the lien at least to the extent of her interest in the land. She could act only with reference to her separate estate, as her power to act as survivor ceased upon her marriage, consequently the interest of the children could not be bound by the renewal. We are therefore of the opinion that the court below erred in holding, as it must have done, that the note for $1000 was barred by the statute of limitations, for which error the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*