CROWDER et al. v. McLEOD.

(Court of Civil Appeals of Texas. Ft. Worth. April 20, 1912. Writ of Error Dismissed Oct. 16, 1912.)

1. HUSBAND AND WIFE (§ 268*)—LIABILITY OF WIFE—ABANDONMENT — DEBTS OF COMMUNITY.

A wife who has been abandoned by her husband may act as a feme sole, pay community debts, and convey community property, either for that purpose or to secure necessaries for herself and family, as the survivor of the connubial partnership, and is authorized to bind herself by a note executed to secure an extension of the community debt.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 953–967; Dec. Dig. § 268.*]

2. BILLS AND NOTES (§ 92*)—CONSIDERATION —EXTENSION OF TIME.

Extension of time secured by a wife who had been abandoned by her husband by the execution of her sole note for the payment of a community debt constituted a sufficient consideration for the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–212; Dec. Dig. § 92.*]

---

Appeal from Stonewall County Court.

Action by A. J. McLeod against Mrs. Nannie Crowder and others. Judgment for plaintiff, and defendants appeal. Affirmed.

N. R. Morgan, of Spur, for appellants. Ernest Herring, of Groesbeck, J. M. Carter, of Aspermont, and Theodore Mack, of Ft. Worth, for appellee.

CONNER, C. J. It seems undisputed in the record that appellee was the payee of a subsisting valid community obligation of one R. P. Fowler, who later permanently abandoned his wife, Nannie Fowler, leaving in her possession community property of the two; that, in order to obtain an extension and to avoid the immediate institution of a suit upon the said obligation of R. P. Fowler, Nannie Fowler during the continuance of said abandonment executed the obligation sued upon, and the principal question made on this appeal is whether said Nannie Fowler, who has since intermarried with W. S. Crowder, joined herein pro forma, could legally execute the obligation sued upon, and, if so, whether it was upon a sufficient consideration. Both of these questions in our judgment must be determined in the affirmative.

[1] While ordinarily under our statute a wife may not make contracts binding her separate property or the community property of herself and husband, save in certain cases not here pertinent, yet where, as here shown, she has been abandoned, she, in the nature of the situation, may act as a feme sole and pay community debts and convey community property either for that purpose or for the purpose of securing necessaries for herself and family. When so abandoned, we think her powers with reference to and in preservation of the community property and in the settlement of connubial partnership business is analogous to the powers of a surviving partner generally. See Fermier v. Brannan, 21 Tex. Civ. App. 543, 53 S. W. 699; Neighbors v. Anderson, 94 Tex. 487, 61 S. W. 145, 62 S. W. 417; Wetzel v. Simon & Co., 87 Tex. 404, 28 S. W. 274, 942; Proetzel v. Rabel, 21 Tex. Civ. App. 559, 54 S. W. 373; Speer on Law of Married Women, §§ 105, 116.

[2] It follows that the extension of time granted constituted a sufficient consideration, and that the judgment must be affirmed.