**FINCHER v. BUIE et al. (No. 2773.)**

(Court of Civil Appeals of Texas. Texarkana. May 31, 1923.)

1. **Bills and notes ☞443(3)—Plaintiff, either as owner of notes, or as agent of owner, held qualified to sue thereon.**

Where plaintiff was either the real owner of notes by purchase from another, or was authorized by the other as owner to act as her agent and prosecute the suit, in either capacity plaintiff could sue on the notes.

2. **Bankruptcy ☞418(1)—Final discharge held prima facie proof of want of fraudulent transfer of notes sued on in absence of evidence to contrary.**

Where one adjudged a bankrupt sued on notes, transferred by her to her sister before filing voluntary application for bankruptcy, and returned to her by her sister after final discharge, held, that her final discharge in bankruptcy was prima facie proof at least of want of fraudulent transfer or act in respect to the notes and of the right to sue on the same, in the absence of evidence showing a fraudulent transfer or act in fraud of the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656).

Error from Tarrant County Court; P. W. Seward, Judge.

Suit by Mrs. F. J. Fincher against T. A. Buie and another. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

Mrs. F. J. Fincher brought the suit against Mr. and Mrs. T. A. Buie to recover on certain notes and indebtedness a balance due after allowing certain credits of $858, with interest and 10 per cent. attorney's fees, also to foreclose the chattel mortgage on certain personal property. The plaintiff sued out a sequestration writ, and the defendants executed a replevy bond.

The defendants first filed a verified plea, charging that the plaintiff was not the owner of the notes and debts sued on, and that the allegations of her ownership of the same were made fraudulently. They also filed an answer subject to the plea in abatement.

The court sustained the plea in abatement and entered a judgment dismissing the suit, restoring to the defendants all the property taken from them by virtue of the writ of sequestration, and taxing all costs against the plaintiff.

The evidence offered on the plea in abatement shows that: (1) Mrs. Fincher purchased the notes from the payee, and he duly transferred them to her; (2) on January 23, 1920, Mrs. Fincher filed suit on the notes; (3) after the suit was filed Mrs. Fincher sold the notes to her sister, Mrs. Henderson, residing in the state of Georgia; (4) after the notes were sold to her sister, Mrs. Fincher filed a voluntary application in bankruptcy and was adjudged a bank-

rupt; (5) in August, 1921, Mrs. Fincher was finally discharged in bankruptcy; (6) in September, 1921, Mrs. Fincher's sister, Mrs. Henderson, mailed the notes back to Fort Worth, addressed either to Mrs. Fincher or to a certain attorney for her—the evidence not definitely showing which one; (7) the evidence authorizes the conclusion either way that Mrs. Fincher purchased the notes back from her sister, or that her sister, as the owner of the notes, authorized Mrs. Fincher to act as her agent and enforced the collection by the suit pending; (8) the notes in suit were never scheduled as a part of the estate of the bankrupt.

Marvin Roberson, of Fort Worth, for plaintiff in error.

H. S. Lattimore, of Fort Worth, for defendants in error.

LEVY, J. (after stating the facts as above). [1] The plaintiff in error assigns error upon the ruling of the court that she was not authorized to maintain the suit in the capacity in which she sues. In view of the evidence we think there was error in the ruling made, as urged by the plaintiff in error. According to the evidence Mrs. Fincher was either the real owner of the notes by purchase in September, 1921, from her sister, Mrs. Henderson, or she was authorized by Mrs. Henderson, as the owner, to act as her agent and prosecute the suit for her. In either capacity Mrs. Fincher could maintain the suit and recover judgment on the notes. The defendants would be fully protected in the judgment so rendered.

[2] And even if it could be asserted that a superior or outstanding right of action on the notes legally existed in favor of the trustee or the creditors in the bankruptcy proceedings, in virtue of fraudulent acts on the part of Mrs. Fincher, the meager evidence here would not warrant the conclusion that the passing of the notes in the first instance by Mrs. Fincher to her sister legally operated as a fraudulent transfer or concealment, or to be in fraud of the Bankruptcy Act itself such as to make void the transfer. However, if such question might be made, it is not made by any creditor participating in the bankruptcy and entitled to be benefited by reopening such proceedings and subjecting the notes to the payment of debts of the estate. In the absence of any evidence or circumstances whatever, as here, tending to show a fraudulent transfer or act in fraud of the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656) itself, the fact that the bankrupt was finally discharged is prima facie proof at least of a want of a fraudulent transfer or act in respect to the notes and of the right to sue on the same.

The judgment is reversed, and the cause remanded.