**EDWARDS et al. v. HATCH.**

No. 1913.

Court of Civil Appeals of Texas. Waco.

June 3, 1937.

Rehearing Denied June 24, 1937.

Nat Harris and Mabel Grey Howell, both of Waco, for appellants.

John A. Hughes, of Waco, for appellee.

ALEXANDER, Justice.

A. L. Hatch brought this suit against B. T. Edwards, J. J. Johnson, and Edwards-Dorris Company, a corporation, to recover on a promissory note in the sum of $910.50, of date February 15, 1927, executed by the defendants and payable to the order of the Bruceville State Bank. A trial before a jury resulted in judgment for the plaintiff. The defendants B. T. Edwards and J. J. Johnson appealed.

■ The defendant Edwards alleged that he was an accommodation maker on the note; that he executed the note long after it had been delivered to the bank, without having received any consideration for its execution; and that by reason thereof he was not liable on the note. The jury found that Edwards received a valuable consideration for the execution of the note. Edwards claims that this finding is contrary to the evidence. The note herein sued on was a renewal of a similar note given to the bank the preceding year. There was some testimony tending to show that Edwards did not sign the original note until two or three months after it had been delivered to the bank and the money had been advanced by the bank to Johnson. This evidence, however, was denied by a witness who represented the bank in the transaction. Moreover, the evidence shows without dispute that the note herein sued on was given in renewal of a note executed by Johnson and others to the bank during the previous year for borrowed money. Edwards signed the renewal note at or prior to the time it was delivered to the bank in renewal of the debt evidenced by the old note. The extension of time granted in the renewal note constituted sufficient consideration for Edwards' signature to the new note, even though he was not liable for the payment of the old note. People's State Bank v. Fleming-Morton Co. (Tex.Civ.App.) 160 S.W. 648.

■ As previously stated, the note in question was payable to the order of Bruceville State Bank. That bank became insolvent and its assets were taken over by the First National Bank of Eddy for liquidation, with the understanding that the depositors should be paid and the balance, if any, delivered to the stockholders of the defunct bank. The note was indorsed by Bruceville State Bank: "Pay to the order of any bank, banker or trust company." Thereafter, the president of the First National Bank of Eddy indorsed the note: "Pay to Alva Hatch, or order, without recourse on me" and delivered the same to Hatch for collection on a commission basis. Hatch brought this suit in his own name and alleged that he owned the note. Appellants contend that since the evidence shows that Hatch did not own the note in his own right, he had no right to maintain the suit. We overrule this contention. The right of an agent to sue on commercial paper, on which there is a general indorsement to him, appears to

be well settled. 6 Tex.Jur. 891; Cochran v. Siegfried (Tex.Civ.App.) 75 S.W. 542; Fincher v. Buie (Tex.Civ.App.) 254 S.W. 156; Frazier v. Moore's Adm'r, 11 Tex. 755.

The court in rendering judgment decreed that "A. L. Hatch, for himself and the stockholders of Bruceville State Bank, a corporation" should recover from the defendants. Neither the Bruceville State Bank, nor its stockholders, were mentioned in the pleadings and therefore they were not parties to the suit. Consequently, the trial court was without authority to render judgment in favor of said stockholders. 25 Tex.Jur. 472; 33 C.J. 1154; Dunlap v. Southerlin, 63 Tex. 38, 42; Baker v. Reed (Tex.Civ.App.) 54 S.W. (2d) 214, par. 4; Texas Company v. Stephens, 100 Tex. 628, 103 S.W. 481; Bell v. Vanzandt, 54 Tex. 150.

The judgment in favor of the stockholders of the Bruceville State Bank is set aside and held for naught. The judgment in favor of A. L. Hatch is in all things affirmed.