## KOEN v. GARDNER.

### No. 2572.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1944.

Rehearing Denied March 2, 1944.

S. R. Allen, of Hamilton, for appellant.

P. M. Rice, of Hamilton, for appellee.

RICE, Chief Justice.

Clyde Gardner instituted this suit in the County Court of Hamilton County against Mrs. L. W. Koen, a widow, seeking recovery of a money judgment against defendant for the amount due on a promissory, negotiable note executed by defendant and payable to the order of plaintiff.

Defendant answered by plea in abatement challenging the jurisdiction of said County Court because, she alleged, the note sued on was executed by her in renewal of a note executed by her deceased husband, L. W. Koen, upon whose estate

**174**

administration was then pending in the probate division of the County Court of Hamilton County; that in signing the note sued on the intention was to bind her husband's estate and not herself individually; that in executing the renewal note it was not her intention to thereby discharge the debt owing to plaintiff by her husband's estate, but the purpose of the renewal was to keep said debt alive as a debt of said estate; and hence the Probate Court had exclusive original jurisdiction of the indebtedness declared on by plaintiff. Defendant further pleaded failure of consideration in that she, as an individual, owed plaintiff nothing and that she was induced to execute the note by plaintiff's representation that she was merely renewing, as against her deceased husband's estate, a note executed by her husband and payable to plaintiff; and that the title to the note so renewed still remained in plaintiff and the indebtedness evidenced thereby constituted a claim against such estate.

The plea in abatement was overruled, and trial of the cause was had to a jury. In answer to special issues submitted the jury found: (1) That the note sued on was based on an original indebtedness due plaintiff by the estate of L. W. Koen, deceased; (2) it was executed following a verbal agreement to renew a note owing plaintiff by the estate of L. W. Koen; (3) it was not the intention of plaintiff and defendant that in consideration of the renewal note defendant was to take the original note and use it as a claim in her favor against her husband's estate; (4) that a consideration or benefit did pass from plaintiff to defendant at the time of or prior to the execution by defendant of the note sued on; (5) L. W. Koen, at the time of his death, was indebted to plaintiff; (6) administration on the estate of L. W. Koen was taken out after the filing of this suit; (7) neither plaintiff nor any of the heirs of L. W. Koen suggested to plaintiff that he file his claim against the estate of L. W. Koen prior to the execution by defendant of the note sued on; (8) at the time defendant executed the renewal note, plaintiff delivered to defendant the note executed by her deceased husband.

Defendant filed no request for the submission of any additional issue or issues submitting her pleaded affirmative defenses, nor did she file any objections or exceptions to the manner or form of the submission by the court of the issues above set forth. "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *." Par. 2, Rule 279, Texas R.C.P. See also, Wichita Falls & Okla. Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991.

After the jury had returned its verdict, defendant filed her motion to disregard the jury's answer to special issue No. 4 (that there was a consideration passing to defendant for the execution by her of the note sued on) because there was no evidence to raise such issue, and because the undisputed evidence showed that defendant received no consideration or benefit therefor. Defendant also filed her motion for judgment non obstante veredicto. Both motions were overruled by the court and judgment was rendered against defendant, on the verdict of the jury, for the amount of the indebtedness evidenced by the note sued upon. From this judgment defendant has appealed.

By her first point defendant urges that the trial court erred in not granting her motion to disregard the answer of the jury to special issue No. 4 to the effect that there was a consideration for the execution by defendant of the renewal note sued upon, because there was no evidence to support such finding. The question as to the sufficiency of the evidence is not raised. Therefore, if the record discloses any evidence of probative force supporting the answer of the jury to the issue complained of, it is our duty to overrule this contention of defendant. In so reviewing the record it is our duty to give consideration only to such evidence as may support the verdict of the jury, and to reject all evidence to the contrary.

We find that the record discloses that L. W. Koen departed this life August 16, 1940. This suit was filed February 12, 1943, and prior to the filing of an application for administration on his estate. It was not controverted that the deceased was indebted to plaintiff, and that such indebtedness was a community debt. On his death L. W. Koen left an estate consisting partly of community property of himself and the defendant, and partly of an interest in land inherited by him from his parents. The inventory of his estate was not introduced in evidence,

nor does the record reveal the amount of his indebtedness, except that he was heavily involved. Besides his home and the interest in real estate which he inherited, there were quite a number of notes owing deceased. Defendant testified that very little of the amount owing was collected on these notes. No evidence was introduced as to the value of the real estate owned by L. W. Koen at the time of his death. Plaintiff testified that when he approached defendant in reference to the note, after its maturity, she instructed him to have a note prepared and she would sign it; that he followed her instructions, presented the note to her, she signed it, he gave her the old original note and she gave him the new note. He further testified: "From my talk and in signing the note, I was just taking a note on her. I delivered the old note, and then I was through with it."

We overrule this assignment. The note sued on was introduced in evidence and was sufficient to make a prima facie case. The Negotiable Instrument Act, sec. 24 of Art. 5933, R.S.1925, provides that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. Upon the death of L. W. Koen, intestate, title to his real and personal property passed to and vested in his heirs at law, his children and defendant, subject to the payment of his debts. It is undisputed that for more than three years no attempt was made to open an administration on the decedent's estate, and that during this period of time his heirs had possession of at least a portion of the estate thereof. These facts were evidence of a consideration for the execution by defendant of the note in question. McFarland v. Shaw, Banking Com'r., Tex.Com.App., 45 S.W.2d 193. By executing the note sued on, defendant and her children obtained an extension of time for the payment of the community debt of herself and husband. This has been held to be a sufficient consideration for the execution of a renewal note, even though defendant was not liable for payment of the original note. Crowder v. McLeod, Tex.Civ.App., 151 S.W. 1166; Edwards v. Hatch, Tex.Civ.App., 106 S.W.2d 741. We are further of the opinion that there was evidence to support the trial court's implied finding of fact that the note sued on was executed in lieu of and in consideration of the cancellation of the original note. This issue, although raised by the pleadings and the evidence, was not submitted to the jury. Reuter v. Sullivan, Tex.Civ.App., 47 S.W. 683.

Being of the opinion that no reversible error is presented by the record before us, defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.