Dillie KNOX, Appellant,

v.

FIRST NATIONAL BANK OF
MESQUITE, Appellee.

No. 4675.

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1967.

Rehearing Denied Jan. 4, 1968.

Muse, Currie & Kohen, Sam P. Kohen, Ralph W. Currie, Eades &· Eades, Eric Eades, Jr., Dallas, for appellant.

Robert M. Ewing, Dallas, Loncy L. Leake, Mesquite, for appellee.

OPINION

TIREY, Justice.

The First National Bank of Mesquite, appellee here, brought this action against Mrs. Dillie Knox, joined pro forma by her husband, W. C. Knox. The action is based on a promissory note in the principal sum of $16,615.17 executed and delivered by Mrs. Knox and her husband, but no judgment was sought against the husband, he having been discharged in bankruptcy. At the conclusion of the evidence the court overruled motions by plaintiff and defendant for an instructed verdict and submitted two issues to the jury. They are:

"1. Do you find from a preponderance of the evidence that on April 21, 1964, when Mrs. Dillie Knox signed the note in question she did not receive anything of value or benefit for signing such note?

"Answer 'She did not' or 'She did.'

"Answer: She did.

"2. Do you find from a preponderance of the evidence that the defendant, Mrs. Dillie Knox, in signing the promissory note in question did act to assist and obtain credit for her husband, Walter Clay Knox?

"Answer 'Yes' or 'No.'

"Answer: Yes."

The court overruled defendant's motion to disregard the findings on special issues

and her motion for judgment non obstante veredicto, and judgment was entered in favor of the bank against the separate estate and property of Mrs. Knox for the sum of $16,615.17, which includes principal and interest and attorney's fees to date of judgment and interest at 6%, and for costs. Mrs. Knox perfected her appeal to the Dallas Court and the cause is here on transfer.

The judgment is assailed on 19 points of error.

Point 1 says the court erred in rendering judgment for plaintiff on the verdict because there is no evidence to support same.

Appellant has briefed all of her alleged points under one argument, save and except her points 2 and 3.

Point 2 assailing the judgment on the insufficiency of the evidence; and

Point 3 assailing the judgment because the verdict is against the great weight and preponderance of the evidence and credible testimony.

Appellant briefs points 2 and 3 together.

We overrule each of the points briefed by appellant under the above statement. The evidence is uncontradicted that the note in suit was executed on April 21, 1964 in the sum of $12,910.00. The bank President testified to the effect that the note had been previously renewed by the same parties on December 16, 1963, at which time it required the signature of both parties and also testified to the effect that the note executed April 21, 1964 included accrued interest to the note due at the date of renewal. There is other evidence to the effect that the renewal note was made under the supervision and instructions of the attorney for appellant. We think the evidence shows that in the execution of the note sued upon there was a forbearance on the part of the bank to institute suit on the previous note and the perpetuation of her community interest

along with her husband's, and the payment of the interest was added to the note and in this instance there was an extension of time for the payment of the indebtedness. We think anyone of these items shows that there was value and benefit to the appellant, and that it was sufficient to support the findings that there was a consideration. We think our position here is fully supported by the Negotiable Instruments Act of the State of Texas, Article 5933, Sec. 25, which defines value as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."

See Black v. Frank Paxton Lumber Company, 405 S.W.2d 412, (n. w. h.) Dallas Court, 1966. See this case and authorities there cited. Moreover, the capacity of a married woman to contract was expanded by our legislature by its enactment of Article 4626 on May 24, 1963, which became effective August 24, 1963. That Article reads as follows:

"A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate which is not exempt from execution under the laws of Texas shall thereafter be subject to her debts and be liable therefor, and her contracts and obligations shall be binding on her."

It is obvious that the effective date of the foregoing statute was several months prior to the execution of the note by Mrs. Knox and her husband on December 16, 1963. At that time every fact as to the possibility of want of consideration was legally and actually known to Mrs. Knox and her husband and her lawyer, but she elected to execute here renewal note, and on April 21, 1964, she executed the renewal note, joined by her husband, which note is in issue in

this cause. We think that as a matter of law when Mrs. Knox re-executed the note that she waived any issue of want of consideration. See Gaylord Container Division v. H. Rouw Company, 392 S.W.2d 118, Supreme Court.

So here we have a situation which shows that Mrs. Knox did receive benefit or value which is readily determinable by a jury from the evidence because there was a prior existing indebtedness created December 16, 1963, and was reaffirmed by the execution of the note in this cause dated April 21, 1964. So here we have a note executed by Mrs. Knox, which was an extension of time for an antecedent debt, and which was a forbearance to sue, all of which warrants consideration. Under the authorities above cited we think Mrs. Knox waived her right to the defense of want of consideration because the note which is in issue was a renewal of a prior note and debt under the same conditions.

Finally, we think the judgment of the trial court should be affirmed for the reason that the evidence supports the finding of the jury to special issue No. 2, and further that appellant in signing the note acted as an accommodation for her husband. There is testimony in the record which reflects that the bank would not renew the note unless it contained Mrs. Knox' signature. We think this testimony raises the question as to why her signature was on the instrument with conflicting testimony as to who the accommodation party is. It seems to us that this is a proper question for determination by the jury. The jury, after hearing all the evidence, was of the view that Mrs: Knox did lend credit to her husband who was a co-maker. We think the testimony tendered is ample to support the jury findings in this respect and that the jury's verdict is not against the great weight and preponderance of the evidence. See Kitten v. Vaughn, Tex.Civ. App., 397 S.W.2d 530, (n. w. h.); Koen v. Gardner, Tex.Civ.App., 178 S.W.2d 173,

(n. w. h.); Edwards v. Hatch, Tex.Civ. App., 106 S.W.2d 741, (n. w. h.).

We have carefully considered this record and are of the view that there was no reversible error committed by the trial court and that the trial court's judgment should be affirmed.

Accordingly, it is affirmed.