## GEO. K. BROWN V. M. A. SEAMAN ET AL.

(Case No. 2157)

1. COMMUNITY—MANAGEMENT—SURVIVOR BOND—The right of the survivor in community to the absolute management of the common estate, is acquired only in case the statutory bond is filed in the county court of the proper county. Unless this is done the property is open to administration, as in other cases.
2. SAME—REMOVAL—If the bond filed is not satisfactory, or the court sets it aside, and the survivor fails to file one that is sufficient, he is, in effect, removed from the management of the estate; an order removing him may be rendered, and an administrator appointed.
3. SAME—SURETIES—If the survivor acts under an accepted bond, but, failing to give a new bond when required, is removed from the administration, the administrator appointed to succeed him may sue his sureties on the bond for the value of assets wasted. The bond takes the place of the wasted property, and to that extent the sureties are debtors to the estate.
4. SAME—JURISDICTION—The court in which the suit should be brought is the one having jurisdiction of a suit for the amount claimed upon the bond, and it is not necessary for the *devastavit* to be first established in the county court. ∘
5. SAME—CONSTRUCTION OF STATUTES—The articles of the Revised Statutes providing for the exhibit and the suits which may follow its appearance in court, apply when the survivor is still administering the estate, and a creditor has called him to account for failure to pay his debts.
6. SAME—DISTRICT COURT—The district court can inquire into a *devastavit* in the case of a survivor in community, as well as in the case of an administrator.

APPEAL from Trinity. Tried below before the Hon. Benton Randolph.

The opinion states the facts.

*D. A. Nunn*, for appellant, cited : R. S., arts. 1960, 2174, 2176; Collins *v.* Warren, 63 Tex. 313.

*Robb & Stevenson*, for appellees.

WILLIE, CHIEF JUSTICE —This is a suit against Mrs. M. A. Seaman and her sureties upon a bond executed under art. 2170 of the Revised Statutes. I. H. Seaman died, leaving Mrs. M. A. Seaman, his wife, and one child of their marriage, surviving him, and also a considerable amount of community property, acquired during their marriage. His widow rendered an inventory to the county court, and gave bond as survivor in community, and took control of the community estate, on August 27, 1881. On March 7, following, certain creditors of the estate applied to the county court for an order requiring Mrs. Seaman to give bond, and return an exhibit of the condition of the estate. This order Mrs. Seaman failed to obey, and she was, for this reason, removed from the administration by the county

judge. This removal took place during the March term, 1882, of the county court of Trinity county. The appellant was, thereafter, at the July term of that court, appointed administrator of the estate of I. H. Seaman, deceased, and, having entered upon the discharge of the duties of his trust, brought this suit against Mrs. Seaman and her sureties. He alleged the facts above set out, and various acts of waste and mismanagement on the part of the widow, amounting to a breach of her bond. These acts consisted of sales of property, made by Mrs. Seaman, and an appropriation of their proceeds, as well as of other money received by her in the course of administration, belonging to the estate, to her own use, and the failure to pay any of the debts for which the community estate was liable.

Prayer was made for a recovery, against herself and sureties, of the amount of moneys alleged to have been misappropriated. A general demurrer was filed to the petition and sustained by the court below. The case was dismissed upon demurrer, and from this ruling the administrator appeals to this court.

The right of the survivor in community to the absolute management of the common estate is secured by the statute, only in the event that a bond with sufficient sureties, and conditioned as the statute directs, is filed in the county court of the proper county. Unless this is done, the property is open to administration as in other cases. When the bond filed is not satisfactory, or the court, at the request of interested parties, sets it aside, and the survivor fails to file one that is sufficient, he is, in effect, removed from the management of the estate, and an order removing him may be made by the court. There is nothing then to prevent an administrator from being appointed to wind up the estate, under the direction of the county court. In case the original bond was accepted, and the survivor has acted under it, and he is afterwards required to make a new bond, and fails to do so, and is removed from the administration, the sureties upon the original bond are, of course, liable for his waste and mismanagement of the property, down to the date of his removal.

The condition of the bond is that the survivor will faithfully administer the community estate, and pay over one-half the surplus thereof, after the payment of the debts, with which the whole of such property is properly chargeable, to such person or persons entitled to receive the same.

The administrator appointed to succeed the survivor, representing, as he does, the estate of the decedent, his heirs, legatees and creditors, and authorized, as he is, to collect and administer its assets for their benefit, may properly bring suit upon the bond. For the value of the

assets invested by the survivor, at least to the amount of the bond, the sureties are liable, and to this extent they become debtors to the estate. The bond takes the place of the wasted property, and a cause of action upon it exists in favor of the party entitled to the administration of such property.

It is upon this theory that the statute regulating proceedings in the matter of decedent's estates, authorizes an administrator, *de bonis non*, to sue a former executor or administrator on his bond for a *devastavit*. R. S., art. 1960. The court in which the suit must be brought is the one having jurisdiction of a suit for the amount claimed to be due on the bond, which, in this case, is the district court. It is not necessary that the *devastavit* be first established in the county court. This has been decided in cases where a suit has been brought by an administrator, *de bonis non*, against his predecessor. Francis *v.* Northcote, 6 Tex. 185; Martel *v.* Martel, 17 Tex. 392.

There is no reason why it should be required in a suit by an administrator against a survivor in community and his sureties. We have already determined, at the present term, in the case of Huppman *v.* Schmidt, that after the survivor in community returns his inventory and appraisement, and files a sufficient bond, his administration of the estate is wholly independent of the county court, unless again called into it by a creditor, for the purpose of making an exhibit, or by an heir, for the purpose of making a partition. It is clear that none of the articles of the Revised Statutes, providing for the exhibit and the suits which may follow its appearance in court, are applicable to a case like the present. They were intended to apply when the survivor was still administering the estate, and a creditor had called him to account for failure to pay his debt. The foundation for the suits provided in arts. 2178 and 2179, is laid by calling on the survivor to to make the exhibit. This must be done whilst he is administering the estate, and cannot be done until after the lapse of a year from the filing of the bond. In this case, the survivor's authority over the estate had ceased, and the administrator had been appointed before the expiration of the year. The creditors, and not the administrator, were authorized to pursue the remedy provided by the above articles. But, where the survivor is no longer administering the estate, and is not subject to the orders of the county court, even upon application of the creditors, and could not, under any circumstances, have been subject to its orders at the instance of an administrator appointed in his stead, resort must be had to such remedies as are provided by general law in like cases, and to such courts as have power to administer them. The district court can inquire into a *devastavit* in the case of a

survivor in community, as well as in case of an administrator. It has full power to render judgment upon forfeited bonds. There is no other remedy provided by law for a breach of a bond like the present, at the suit of the party entitled to the administration of the assets of a community estate after removal of the survivor.

The appellant attempted, in the present case, to establish the *devastavit* and to recover from the bondsmen the value of the property wasted and misappropriated, by means of the only proceeding open to him for these purposes under the law, and the court erred in sustaining the demurrer to his petition.

For this error, the judgment must be reversed and the cause remanded.

                                        REVERSED AND REMANDED.

[Opinion delivered March 9, 1886.]