SARAH F. OSTROM ET AL. v. A. ARNOLD.

Decided June 27, 1900.

### 1. Assignment of Error—Several Subjects Embraced.

An assignment of error professing to point out wherein the judgment is contrary to the evidence, setting forth the several matters of which appellant complains in this respect, is held probably sufficient as against objection that it embraced more than one subject.

### 2. Same—Propositions Under.

A proposition under an assignment, relating to a matter not embraced in the assignment, will not be considered.

### 3. Dedication of Streets—Deed With Plat—Estoppel.

Where an owner of property described it in a deed of trust as separate and numbered lots, bounded by streets, and delivered to the grantee a plat showing the lots, blocks, and streets, he is estopped, as against a purchaser of the property under the trust deed who acted on the plat, from denying a dedication of the streets, and the purchaser has the right to have them opened, though such vendor has maintained obstructions on the platted property sufficient to interfere with the use of the streets thereon.

### 4. Survivor in Community—Right to Mortgage Homestead Property.

A widow who has duly qualified under the statute as survivor in community may mortgage homestead property, and a foreclosure of the mortgage will divest the title and convey the right of possession as an incident of the lien.

### 5. Same—Mortgage Good as Against Husband's Heirs.

Though such mortgage be made to secure an individual debt of the widow, and eight years after her qualification as survivor (it not appearing that her authority has been revoked), a purchaser of the property under foreclosure of the mortgage will acquire a title superior to that of the heirs of the deceased husband. Following Jordan v. Imthurn, 51 Texas, 276.

### 6. Same—Sheriff's Deed Under Foreclosure.

Where the foreclosure of the mortgage (deed of trust) was by an order of court and sale by the sheriff, the sheriff's deed, conveying, as prescribed by the statute, "all the right, title, and interest" of the grantor, conveyed also all the title represented by her as survivor in community. Rev. Stats., arts. 1340, 3375.

### 7. Appeal Without Bond—Proof of Inability.

An appeal without bond will not be dismissed because proof of inability to give an appeal bond was made before the trial judge at a subsequent term of the court. Following Cox v. Hightower, 19 Texas Civil Appeals, 536.

APPEAL from Bexar. Tried below before Hon. R. B. GREEN.

*Edward Ostrom,* for appellants.

*W. W. Bone* and *George C. Altgelt,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action of trespass to try title and for injunction brought by appellee against Sarah F. Ostrom. It appears from testimony in the record that the property in question was part of the community estate of Sarah F. Ostrom and husband, the latter having died about 1885, leaving his widow and several children, none of the latter appearing now to be minors. Mrs. Ostrom, soon after her husband's demise, duly qualified as survivor of the community, under the statute. On August 1, 1893, for her individual debt, which had no ref-

erence to any community indebtedness, she gave appellee a deed of trust on property thus described: "All those certain tracts, lots, or parcels of land known as lots 43, 44, 45, 46, and 47, lying and being situated in the north side of Broad Avenue, range 1, district 3, in the city of San Antonio, Bexar County, Texas, and being subdivisions of original city lots Nos. 12 and 13. Each of said five lots has a front of fifty feet on said Broad Avenue, and runs back between parallel lines 160 feet for depth. Also three other lots or parcels of land in the same range and district, and in the city, county and State aforesaid, and known as lots Nos. 45, 46, and 47, situated on the south side of Rural Avenue, and being subdivisions of original city lot No. 13. Each of said last named three lots has a front of fifty feet on said Rural Avenue, and runs back between parallel lines 160 feet for depth."

Arnold brought suit against Mrs. Ostrom and obtained foreclosure of the lien on said property, and at the sheriff's sale in 1895, became the purchaser thereof, by sheriff's deed "for said property, of all the estate, right, title, and interest of Sarah F. Ostrom had on May 1, 1895." The words in quotation are the language of the statement of facts.

A plat showing a subdivision of the land into blocks, lots, and streets, showing Rural and Broad avenues thereon, and the incumbered lots facing thereon, was introduced in evidence, and was identified by W. W. Boone, the attorney who represented Arnold in taking the deed of trust, as the plat exhibited and given to him at the time by Mrs. Ostrom; the witness testifying that this was so to the best of his recollection, and saying also that he could not imagine how he got it unless he got it from Mrs. Ostrom. The evidence shows that when the transaction was accomplished he turned over the plat with the note and deed of trust to Arnold. The evidence was sufficient from which to find that Mrs. Ostrom exhibited the plat as a part of the transaction, and that it was acted upon by Arnold in taking the lien, and we therefore so find as a fact in support of the judgment.

It appears also that at the time of the execution of the deed of trust the lots in question were inclosed in an old field by Mrs. Ostrom. Whether or not it was so inclosed, or to what extent, after Arnold bought, is indistinct from the testimony, but it does appear that there were and are obstructions maintained by Mrs. Ostrom upon the platted property, interfering with the use of the streets in reference to said lots.

*Opinion.*—The only assignments of appellants that can be said to be presented in such manner as entitled them to be considered are the eleventh and twelfth, and we have some doubt of the propriety of considering the eleventh over the objection of appellee that it embodies more than one subject. But it professes to point out wherein the judgment is contrary to the evidence, setting forth the several matters of which appellants complain in this respect, and probably the assignment is sufficient.

Under this assignment appellant's brief states four propositions. The

first proposition is not sufficiently well founded to be discussed. The second relates to a matter not embraced in the assignment and will therefore not be noticed. The third proposition is, "that the sale of land as bounded by a street or streets which were at the time under inclosure is insufficient to establish a dedication which would authorize a decree for the removal of such inclosures and the opening of such streets to public use, unless there was convincing proof supported by allegations that there were positive assurances on the part of the vendor at the time of the purchase that the streets would be opened." In reference to this proposition we will say that there was testimony that Mrs. Ostrom not only described the property in her deed of trust as lots, blocks, and streets, that is to say as subdivided property, but that she had platted the property into lots, blocks, and streets and exhibited at the time and delivered such a plat, all of which appears to have been acted upon by Arnold. The court doubtless based his decree upon these facts, which he could with propriety have found from the evidence. They would entitle Arnold, after acquiring title to the lots to require Mrs. Ostrom to recognize the existence of the streets, as dedicated. Lamar County v. Clements, 49 Texas, 347; Corsicana v. White, 57 Texas, 384.

The fourth proposition is, "that while the mortgage by the surviving wife of the community homestead and the foreclosure and sale thereof would pass her title thereto, yet it does not divest her of her right to occupy it as a home, nor subject it to partition during such occupancy." Assuming that this property was part of the homestead, it is, as appellant admits, settled that the widow may incumber it, and this being so, foreclosure and divestiture of title and possession by sale become incident to the lien.

Under the twelfth assignment is advanced the following proposition: "The mere execution of a deed of trust in an individual capacity on community property by a survivor, who had once qualified to administer the community property, more than eight years before, and a sheriff's sale under a judgment thereon of only all the estate, right, title, and interest which such survivor had in such property on a date of more than ten years after the death of the decedent; does not authorize a decree devesting the title or interest of the heirs of the deceased parent in and to such property, and vesting the fee simple title in the purchaser."

Sarah F. Ostrom's powers do not appear to have terminated by remarriage or otherwise, and her power to charge community property with a lien for even her individual debt is directly sustained by the decision in Jordan v. Imthurn, 51 Texas, 276, there having been no material change in our statutes on the subject since that time. The decision of Corzine's Heirs v. Williams, 85 Texas, 499, has no reference to survivors duly qualified under the statute. The other cases cited by appellants are also without any application.

The deed of trust, the decree of foreclosure, and the order of sale all relate to the title to the entire lots represented by Mrs. Ostrom. The fact that the sheriff's deed as drawn was "for the property,—of all the right, title, and interest of Sarah F. Ostrom,"—was immaterial, the

record showing that the sale was made of the property by virtue of such an order of sale. The sheriff's return is not in the record. It does not appear that the advertisement of sale departed from the terms of the decree and order of sale, and the statement of facts in this matter recites: "Plaintiff proved that an order of sale was issued by the clerk of the District Court of Bexar County upon the judgment aforesaid, and that the property was sold at public vendue by the sheriff of Bexar County by virtue of the order of sale." This indicates that the sale as made was of the property. In foreclosure sales the order is for a sale as under execution. Rev. Stats., art 1340. The statute in regard to sheriff's deeds under execution provides that such deed shall be for all the right, title, interest, and claim which the defendant in execution had in and to the property sold. Rev. Stats., art. 2375. The deed now in question, in our opinion, appears to have operated to convey all the title of Mrs. Ostrom that was subjected by the decree and order of sale. See Rippetoe v. Dwyer, 1 Posey's Unrep. Cases, 498.

Appellee presents a cross-assignment, complaining of the action of the court in restricting the dedication to the streets as shown on the plat with reference to which the deed of trust appears to have been given. The district judge did not file his conclusions, and, in view of the judgment rendered, it is probable that he regarded the evidence as not showing a dedication of streets further than what plaintiff was entitled to claim by estoppel, that is to say, by virtue of the plat and subdivision upon which his deed of trust was based. We think the judgment as finally entered in the District Court was correct.

The order heretofore entered in this cause, dismissing the appeal because the proof of inability to give bond was taken before the district judge at a subsequent term, is set aside, under the ruling in Cox v. Hightower, 19 Texas Civil Appeals, 536, which we believe correct.

*Affirmed.*

Writ of error refused.