## McGRAW et al. v. MERCHANTS' & PLANTERS' NAT. BANK OF SHERMAN.

### No. 10728.

Court of Civil Appeals of Texas. Dallas.
Dec. 2, 1930.

Rehearing Denied Jan. 10, 1931.

Hamp P. Abney, of Sherman, for appellants.

Head, Dillard, Maxey-Freeman, McReynolds & Hay, of Sherman, for appellee.

LOONEY, J.

The Merchants' & Planters' National Bank of Sherman sued T. W. McGraw in an action of debt on promissory notes, and to foreclose trust deeds on real estate and a chattel mortgage given as security. Billy Fay, Martha Elizabeth,, and Minnie Rose McGraw, minor children of McGraw and his deceased wife, were brought in as defendants, and foreclosure was also sought as to them.

The material facts are these: Mrs. Agnes L. McGraw, first wife of T. W. McGraw and mother of his children, including plaintiffs in error, died during the year 1923, leaving a community estate. Prior to the execution of the instrument sued upon, McGraw qualified as community administrator, and was authorized by the county court of Grayson county to manage, control, and dispose of the community estate. Two tracts of the land aggregating 224½ acres, included in the trust deeds, constituted a part of the community. estate; the remainder of the property upon

which foreclosure was sought belonged to McGraw. He conveyed to his two daughters, Billy Fay and Martha Elizabeth, all lands described in the trust deeds, in partial settle-ment for their interests in their mother's es-tate, subject, however, to existing liens; also conveyed to his daughter, Minnie Rose, sub-ject to the lien of the chattel mortgage, the personal property described therein. The in-debtedness sued upon was the individual in-debtedness of McGraw, incurred after the death of his wife, and bore no relation to the community estate.

The court directed a verdict for plaintiff, and rendered judgment in its favor for debt against McGraw and foreclosure as to all defendants, from which the three named daughters by their guardian ad litem have appealed.

The contention of plaintiffs in error is that, as the trust deeds executed by McGraw contained no reference, indicating that he acted as community administrator, and as there was neither pleading nor proof to that effect, the lien created by the trust deeds attached alone to McGraw's individual in-terest in these lands; therefore the court erred in directing a verdict for the bank.

The bank alleged that, in executing the trust deeds, McGraw acted both in his in-dividual and in his representative capacity, and intended to and did create valid liens on community property. The trust deeds described the entire property, the adminis-tration remained open; hence McGraw was authorized to control, manage, and dispose of the community estate in the same absolute and exclusive manner as during the lifetime of his deceased wife.

■ We do not think it was necessary for McGraw to refer to his power as community administrator in order to create valid liens on the community property, for the convey-ances without reservation of the entire es-tate in the lands could have reference to no authority other than that of his power as community administrator.

■ Furthermore, we do not think the court erred in refusing to permit McGraw to testify, in effect, that at the time he execut-ed these instruments his undisclosed pur-pose was to act solely for himself and not for the community, as this tended to vary and contradict the meaning of these instruments.

■ The bond executed by McGraw took the place of the deceased wife's interest in the community estate, and his authority to control and dispose of the property continued as full and complete as during the lifetime of Mrs. McGraw, including the power to create liens to secure individual indebtedness in-curred after the death of his wife. Articles 3603, 3667, 3668, 3669, and 4619, R. S. 1925. See Jordan's Ex'rs v. Imthurn, 51 Tex. 276,

287; Ostrom v. Arnold, 24 Tex. Civ. App. 192, 58 S. W. 630 (writ denied); Duberry v. Tex-as, etc., Co. (Tex. Civ. App.) 279 S. W. 285. Also on the general powers of a community administrator see Huppman v. Schmidt, 65 Tex. 585, 586; Graham v. Miller, 26 Tex. Civ. App. 5, 62 S. W. 113, 114; Morse v. Nibbs (Tex. Civ. App.) 150 S. W. 766, 768; Green v. Windham (Tex. Civ. App.) 230 S. W. 726; McGraw v. Foxworth-Galbraith Lumber Co. (Tex. Civ. App.) 27 S.W.(2d) 554.

Appellants rely upon Hill v. Conrad, 91 Tex. 345, 43 S. W. 789, by the Supreme Court, and Eddy v. Bosley, 34 Tex. Civ. App. 116, 78 S. W. 565, 567, by the Austin Court of Civil Appeals, to sustain their contention. The Hill-Conrad Case is not in point. The deed under consideration in that case contained recitals showing that the attorney in fact claimed the land as his own and acted for himself in its execution; hence there was no room for indulging presumptions, nor oc-casion to refer the act of executing the deed to an extraneous power. The Eddy-Bosley Case was a contest over title to real estate between children of the deceased wife and a second wife, who claimed under conveyance executed by the surviving husband, after qualifying as community administrator. Judge Fisher used language in disposing of the appeal that seemingly supports the con-tention of appellant. He said: "The evidence in the record, as before stated, being silent on the question as to whether the adminis-tration of the community estate under the survivorship statute was in existence at the time of the execution of the deed to the ap-pellant, and it not appearing that the con-veyance was executed by virtue of the pow-er conferred upon Julius Quast as the quali-fied survivor under that statute, we conclude that no error is pointed out by these assign-ments; but we have stated our views upon this subject in view of the fact that the ques-tion may arise upon another trial."

■ The only authority cited by Judge Fisher is Hill v. Conrad, supra. Judge Brown in that case said in effect that, al-though a power may be executed by an in-strument that omits any reference to it, yet in such a case it must appear from the in-strument or the circumstances that the agent acted under and by virtue of the power. This states the general rule correctly, and we are of opinion that these facts bring the case at bar within the terms of this rule. While the deeds of trust contained no express ref-erence to the community administration, yet, as the entire estate in the lands were con-veyed without any reservation, we think it reasonably appears that, in executing the deeds of trust, McGraw acted for the com-munity estate in so far as community prop-erty was conveyed. However, we do not base the decision alone on that idea, for, aside from any other consideration, we think

McGraw was authorized, under express provisions of the statute, to convey or mortgage community property in the same manner as during the lifetime of his deceased wife. This idea stands out in different statutory provisions, and is reflected by the decisions hereinbefore cited. Furthermore, we are of opinion that, in so far as appellants claim under the conveyances executed by their father, they hold title to the property conveyed, charged with existing liens. Michigan Savings & Loan Ass'n v. Attebery, 16 Tex. Civ. App. 222, 42 S. W. 569; Fidelity Union, etc., Co. v. Cain (Tex. Civ. App.) 28 S.W.(2d) 833.

Finding no error in the judgment of the court below, the case is affirmed.

Affirmed.

### On Motion for Rehearing.

In their motion for rehearing, plaintiffs in error complain of a recitation contained in the opinion to the effect that, at the time McGraw executed the trust deeds involved in the suit, the community administration had not been closed, but remained open; the contention is that the expression is in effect a finding of fact, and, not being supported by either pleading or proof, we are asked to correct the record.

It is true there is no express allegation in the pleadings to the effect that the community administration had not been closed or remained open at the time McGraw executed the trust deeds to secure the bank, nor is there any proof specifically so stating, but neither allegation nor proof on this point was called for; there was no issue joined on the subject. Both parties assumed from the beginning to the end of the lawsuit that the administration was pending at the time of these occurrences, and all proceedings, offensive and defensive, were based and proceeded on that assumption; hence we find no reason to make correction. We have considered all assignments for rehearing, and, finding no error, the motion is denied.

Both motions overruled.