## LINDSEY et al. v. HARGETT.
### No. 3942.

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1933.

518

R. A. Wilson, of Amarillo, for appellants.

R. A. Stone and Stone & Guleke, all of Amarillo, for appellee.

MARTIN, J.

Findings of fact, the correctness of which neither party challenges, are incorporated in the transcript. The material portions of these are: That appellant and Almarene Lindsey were married in 1905 and that this relation continued until 1916, when Almarene Lindsey, died, leaving of the wedlock five children, all minors, the eldest then being eleven and the youngest one year old; that a quarter section of land near Amarillo was then owned as community property, which had, during the year 1913, been platted and subdivided into blocks and lots with properly dedicated streets; that in February, 1917, upon proper application and after due approval of a bond, an order was entered by the county court of Potter county authorizing Roy Lindsey, appellant, to "control, manage and dispose of the community property of himself and the said Almarene Lindsey, deceased"; that the appraisement then on file of the community property included the quarter section of land above described; that thereafter two notes were executed, payable to appellee, the first for $5,000, dated April 6, 1927, and the second for $2,000, dated October 10, 1927; that said notes were secured by deeds of trust upon portions of said property; that the $5,000 note and both of the deeds of trust were executed by appellant "individually and as survivor of the community estate of himself and Almarene Lindsey, deceased"; that all the money borrowed at this time from appellee was used by appellant in building houses on said land known as the Lindsey addition.

Appellee brought suit on said notes and for foreclosure against appellant "both in his individual capacity and as survivor of the community estate of himself and wife Almarene Lindsey, deceased." He alleged that the $5,000 note and the two deeds of trust were executed by appellant in the capacities in which he is sued herein. His prayer was for judgment against the said Roy Lindsey, both in his individual capacity and as survivor of the community estate of himself and deceased wife, Almarene Lindsey. The petition failed to specifically allege that the notes sued on constituted a community debt or any facts showing this. It failed, also, to allege that appellant ever qualified under the statute.

Judgment was rendered by the trial court for appellee as prayed for.

Briefly stated, the legal issues here are: (1) That the said petition went no further than to allege a cause of action against appellant personally and for foreclosure, and is wholly insufficient to state a cause of action against the community estate as such so that any deficiency judgment could be collected out of the community property; and (2) that the evidence failed to show the existence of a community obligation, and therefore will not support the judgment rendered by the trial court against the community property.

Article 3668 (Rev. St.) provides, in substance, that the return to the county judge of the inventory, appraisement, list of claims and bond. The order approving them, shall also authorize such survivor to control, manage, and dispose of such community property, etc. Article 3669 provides, in part: "When the order mentioned in the preceding article has been entered, such survivor * * * shall have the right * * * of * * * being sued with regard to the same, in the same manner as during the lifetime of the deceased."

This language apparently evidences a legislative intent to authorize suits on community debts to be filed against the surviving husband personally after he has qualified under the statute. In Carter v. Conner, 60 Tex. 52, it was held that a levy and sale of community property passed the title to such, though the judgment was against the surviving husband alone, and though the pleadings failed to allege that the claim sued on was for a community debt. After appellant herein qualified as survivor under the statute, his authority and power over the community property coincided with that possessed by him prior to the death of his wife. It included the right even to mortgage such property to secure his personal debts. McGraw et al. v. M. & P. National Bank of Sherman (Tex. Civ. App.) 34 S.W.(2d) 633, and authorities there collated. It is not absolutely necessary that such qualified survivor in conveying property should in any manner refer in the instrument itself to the power under which he purports to act or to the community administration in order to pass full title to community property. McGraw et al. v. M. & P. National Bank of Sherman, supra. The above statute, construed in the light of the decisions referred to, we think justifies us in concluding that a suit for a community debt may be brought against the surviving husband individually after he has properly qualified as survivor without making any reference in the pleadings to his appointment and qualification, and that a levy and sale of community property under a judgment in such a proceeding passes all title thereto.

We think it appears from the allegations of the petition already quoted that appellee intended to charge that the debt sued on was

a community obligation, though it is not directly so stated.

█ The findings of the trial court evidence the continuance of a development program with reference to the "Lindsey Addition," begun prior to the death of appellant's wife, and which eventuated in the borrowing and expenditure of the money in question for the benefit of the community estate after her death. By the terms of article 3669 appellant had the right to "manage * * * such community property as may seem for the best interest of the estate." This discretion lodged with the survivor carried with it, we think, the right to continue a program already begun, and as an incident of such right to borrow money to effectuate this purpose which would properly constitute a charge against the community estate. The trial court specifically found that "the whole business venture was a community project, from which Lindsey could derive no profit to the exclusion of his children, and for which the community estate is bound." We concur in this view.

The judgment is affirmed.