MAXFIELD et al. v. PURE OIL CO. et al.
No. 2860.

Court of Civil Appeals of Texas. El Paso.
June 22, 1933.

Rehearing Denied July 13, 1933.

Percy Woodard and Jones & Jones, all of Marshall, for appellants.

C. A. Sweeton, David T. Searls, and Vinson, Elkins, Sweeton & Weems, all of Houston, Wynne & Wynne, of Wills Point, and W. E. West, of Canton, for appellees.

## Statement of Case.

HIGGINS, Justice.

The appellants are the children and a grandchild of Georgia Rakestraw, who died intestate on January 4, 1906. The deceased was the wife of J. F. Rakestraw, who survived her and later married Hettie Clay. Appellants brought this suit against the appellees to recover the community interest of Georgia Rakestraw in a tract of land in Van Zandt county. Verdict was returned in favor of the defendants in response to a peremptory charge.

The land in controversy was conveyed to J. F. Rakestraw by two deeds dated December 6, 1898, and March 11, 1899. This land, with an adjoining tract, was community property of the Rakestraws, and their homestead, at the time of the death of the wife. The two tracts are treated as containing 127 acres and are referred to as the 127-acre tract.

In March, 1907, Rakestraw made application for, was appointed, and qualified as survivor of the community estate of himself and his deceased wife, Georgia Rakestraw. This community administration remained open and in existence until the death of J. F. Rakestraw in 1921.

On April 9, 1908, Rakestraw, as the community administrator, conveyed to M. R. Lang 42 acres of the homestead tract.

By general warranty deed dated November 27, 1908, Rakestraw, as administrator, conveyed to C. A. Richardson the remainder of the tract. The consideration recited in this deed is $70 and six "V. L. Notes" aggregating $930. This deed does not expressly reserve a vendor's lien.

At the time of the conveyance to Richardson, Rakestraw and his family were not living on the land. After such conveyance Rakestraw moved to Georgia, where he remained about a year. He then returned and by deed dated December 30, 1909, Richardson reconveyed the land to Rakestraw. The consideration recited in this deed was $25, cash paid, a "V. L. Note" for $300, and "the assumption of 5 V. L. Notes outstanding

*against* the land now being sold, said notes executed by C. A. Richardson, to J. F. Rakestraw, on the 27th day of Nov. 1908, of the value of $155.00 each and due Nov. 1st, 1911, 1912, 1913, & 1914, respectively, as described in deed of that date from said Rakestraw to said Richardson." A vendor's lien was expressly reserved in this deed. The record does not disclose whether the lien has been discharged by payment of the notes, but this we regard as immaterial.

By deed dated November 17, 1913, Rakestraw and his second wife conveyed the land last mentioned to E. B. Tunnell for $1,000 cash and notes totaling a like amount.

By deed dated December 5, 1913, E. B. Tunnell conveyed to E. V. Tunnell 29.5 acres of the land.

On December 15, 1914, Rakestraw executed a deed which reads:

"The State of Texas, County of Van Zandt

"Know All Men By These Presents:

"That I, J. F. Rakestraw in my own right and as Administrator of the community estate of myself and deceased wife, Georgie Rakestraw, of the County of Van Zandt and State of Texas, for and in consideration of the sum of One ($1.00) Dollar to me in hand paid by E. B. Tunnell of the County of Van Zandt, State of Texas, the receipt of which is hereby acknowledged, do by these presents bargain, sell, release and forever quit-claim unto the said E. B. Tunnell, his heirs and assigns all * * * rights, title and interest in and to that certain tract or parcel of land lying in the County of Van Zandt and State of Texas, described as follows, to-wit:

"Parts of the W. N. Black and Juan Prado surveys of land in Van Zandt County, Texas, and being the same land conveyed by me, joined by my wife, H. J. Rakestraw, by deed dated November 17, 1913, to E. B. Tunnell, said deed being now of record in Volume 111, page 155, Deed Records of Van Zandt County, Texas, but in said deed the community interest of my deceased wife was not conveyed by oversight, and this deed is to quit-claim all interest both for myself and as administrator of the community estate of my deceased wife, Georgia Rakestraw, for a better description of said land by metes and bounds, reference is here made to the above mentioned deed, and the record of the same. This deed shall in no way effect the notes that are now outstanding against said tracts of land, but is to perfect title in E. B. Tunnell and his assigns to the above mentioned land.

"To have and to hold the said premises together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said E. B. Tunnell, his heirs and assigns forever, so that neither I, the said J. F. Rakestraw nor the heirs of Georgia Rakestraw, deceased, nor our heirs, nor any person or persons claiming under us shall, at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof.

"Witness my hand at Gladewater this 15 day of Dec. A. D. 1914.

"J. F. Rakestraw, for myself and as community administrator of the community estate of myself and deceased wife, Georgia Rakestraw."

The defendants, by mesne conveyances, claim under E. B. Tunnell, who, on January 5, 1915, conveyed to J. W. Neill all of the land described in the deed of November 17, 1913, less the 29.5 conveyed to E. V. Tunnell on December 5, 1913.

The defendants seek to recover the entire estate in the land described in the petition upon the theory that the conveyances of the 42 and 29.5 acre tracts exhausted the community interest of J. F. Rakestraw and constituted a partition. In the alternative they seek to recover an undivided one-half interest in the tract.

The Pure Oil Company has an oil and gas lease upon the land, and an accounting is sought of the value of the oil extracted from the land by that company.

## Opinion.

█ A survivor, who has qualified under the statute as the administrator of the community estate, has the authority to dispose of such of the community property, including the homestead of himself and his deceased spouse, as to him may seem to be for the best interest of the estate. Article 3669, R. S. This rule has been recently reaffirmed by the Supreme Court in Brunson v. Yount-Lee Oil Co., 56 S.W.(2d) 1073. Earlier cases to the same effect are: Johnson v. Taylor, 43 Tex. 121; Dawson v. Holt, 44 Tex. 174; Cordier v. Cage, 44 Tex. 532; Morse v. Nibbs (Tex. Civ. App.) 150 S. W. 766; Advance, etc., v. Blevins (Tex. Civ. App.) 248 S. W. 1086; McGraw v. Foxworth-Galbraith Lbr. Co. (Tex. Civ. App.) 27 S.W.(2d) 554; Tholl v. Speer (Tex. Civ. App.) 230 S. W. 453; Green v. Windham (Tex. Civ. App.) 230 S. W. 726; Id., 115 Tex. 162, 278 S. W. 1101.

█ This being true, the deed of November 27, 1908, passed the title to the one-half interest which appellants inherited from Georgia Rakestraw. Appellants assert this deed was an executory contract and the reconveyance by Richardson on December 30, 1909, a mere rescission of such contract, leaving the title as it was before the deed to Richardson.

The deed from Rakestraw to Richardson did not expressly reserve a vendor's lien and the record is silent as to whether the vendor's lien notes referred to in the deed made any such reservation.

■ The recital that a part of the purchase money was represented by vendor's lien notes did not prevent the passing of title to Richardson. The effect of the recital was to give Rakestraw an implied lien upon the land to secure the payment of such notes. Ransom v. Brown, 63 Tex. 188; Baker v. Compton, 52 Tex. 252; Proetzel v. Rabel, 21 Tex. Civ. App. 559, 54 S. W. 373.

■ Nor was the legal title to Georgia Rakestraw's interest vested in appellants as they assert. The land had been conveyed to Rakestraw, who held the legal title in trust for himself and wife. The title of the wife was equitable. 23 Tex. Jur. title Husband and Wife, §§ 80 and 81.

But it is immaterial whether the deed from Rakestraw to Richardson be regarded as executory. The same is true whether the title of appellants be regarded as legal or equitable.

■ These matters are immaterial, for the reconveyance by Richardson to Rakestraw cannot be regarded as a rescission. It was a repurchase in consideration of $25 cash paid, the execution of a note for $300, and the assumption of five of the vendor's lien notes previously executed by Richardson and then outstanding against the land. Such is the import of the reconveyance by Richardson and no evidence is called to our attention to show that the transactions between Rakestraw and Richardson were simulated or in fraud of the rights of the heirs of Georgia Rakestraw.

Upon this view it follows that Richardson acquired the community interest of Georgia Rakestraw and passed the same to J. F. Rakestraw in the manner shown above. If this be correct, then it is patent the peremptory charge was properly given.

But if it be conceded that the deed from Rakestraw to Richardson evidenced an executory contract and operated to retain in Rakestraw the superior legal title and the reconveyance by Richardson was a rescission, then Rakestraw's right and authority as the community administrator remained unimpaired after the rescission and the deeds to Tunnell of November 17, 1913, and December 15, 1914, passed the title.

By the first-mentioned deed J. F. Rakestraw and wife, H. J. Rakestraw, undertook to "grant, sell and convey unto the said E. B. Tunnell, of the County of Van Zandt, all that certain parcel or tract of land situated in Van Zandt County, Texas, to-wit:" (Here follows description embracing the land in controversy.)

■ Since Rakestraw did not sign the deed as community administrator, appellants insist that it did not convey their interest in the property. This contention has no support in the authorities.

Article 3669, Texas Revised Civil Statutes, 1925, provides that the survivor, upon qualifying as community administrator, has the same power of disposition over the community estate that the husband had during the existence of the marriage. This statute provides: "When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community property as may seem for the best interest of the estate and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased."

The rule is thus stated in Texas Jurisprudence, vol. 14, p. 602, as follows: "The administration of community property by the survivor is one of great latitude under this statute. The survivor is the owner in his own right of one-half of the property, and upon qualifying as a community administrator acquires over the whole estate the same right of management, control and disposition as may be exercised by the husband during the existence of the marriage."

In McGraw et al. v. Merchants' & Planters' National Bank of Sherman (Tex. Civ. App.) 34 S.W.(2d) 633, 634, suit was brought by the bank to foreclose deeds of trust on certain land. The trial court directed a verdict for the bank for the amount of the debt with a foreclosure of its liens. It appears that the indebtedness sued upon was the individual debt of McGraw, who had executed certain trust deeds on the property belonging to the community estate. McGraw had duly qualified as community administrator, but he did not sign the liens in that capacity, nor did he refer to the community administration in same. The court said: "We do not think it was necessary for McGraw to refer to his power as community administrator in order to create valid liens on the community property, for the conveyances without reservation of the entire estate in the lands could have reference to no authority other than that of his power as community administrator. * * * While the deeds of trust contained no express reference to the community administration, yet, as the entire estate in the lands was conveyed without any reservation, we think it reasonably appears that, in executing the deeds of trust, McGraw acted for the community estate in so far as community property was conveyed. However, we do not base the decision alone on that idea, for, aside from any other consideration, we think McGraw was authorized, under express provisions of the statute, to convey or mortgage community property in the same manner as during the lifetime of his deceased wife. This idea stands out in different statutory pro-

visions, and is reflected by the decisions hereinbefore cited."

This case was followed in the recent decision of Lindsey et al. v. Hargett (Tex. Civ. App.) 56 S.W.(2d) 517, 518. The court said: "After appellant herein qualified as survivor under the statute, his authority and power over the community property coincided with that possessed by him prior to the death of his wife. It included the right even to mortgage such property to secure his personal debts. McGraw et al. v. M. & P. National Bank of Sherman (Tex. Civ. App.) 34 S.W.(2d) 633, and authorities there collated. It is not absolutely necessary that such qualified survivor in conveying property should in any manner refer in the instrument itself to the power under which he purports to act or to the community administration in order to pass full title to community property. McGraw et al. v. M. & P. National Bank of Sherman, supra."

In Stone et al. v. Light et al. (Tex. Civ. App.) 228 S. W. 1108, 1110, the children of Mrs. Stone, deceased, brought suit in trespass to try title to recover her community interest in certain land. The property was conveyed by the husband, who had qualified as community administrator, but who had failed to sign the deed in such capacity. The court said: "Moreover, Stone having qualified as a community administrator, he had authority to sell the community property without the existence of debts, and his failure to sign the deed as community administrator would not affect the validity thereof. Jones v. Jones' Heirs, 15 Tex. 463, 65 Am. Dec. 174; Primm v. Barton, 18 Tex. 206; Dawson v. Holt, 44 Tex. 174, 178; Jones v. Harris [Tex. Civ. App.] 139 S. W. 69."

These authorities foreclose against appellants all contentions made by them that the deed of November 17, 1913, did not pass the community interest of Georgia Rakestraw because such deed was not executed by J. F. Rakestraw in his representative capacity as community administrator.

If for any reason such deed be considered insufficient, then the quitclaim deed of December 15, 1914, passed the title. Appellants say a community administrator cannot pass the title of the deceased spouse by quitclaim deed. No authority to that effect is cited. The husband can convey community property by quitclaim deed during the life of his wife and a survivor qualified under the statute can dispose of community property "in the same manner as during the lifetime of the deceased." Article 3669, R. S., and cases cited above.

To the validity of the quitclaim it is further objected that the community administrator was without authority to dispose of the community interest of the deceased spouse for the nominal consideration of $1 as the quitclaim deed recites. But the quitclaim is to be construed in connection with the previous deed which purported to convey the entire estate in the land. It is clear the quitclaim was based upon the consideration of the previous deed and was given for the purpose of curing what the parties erroneously supposed to be a defect in such previous deed.

Careful consideration has been given to all the propositions submitted by appellants. All of them have not been discussed, but they are necessarily controlled by the views expressed.

Upon the record title and undisputed facts the title of appellants has passed, and the judgment should be affirmed. It is so ordered.