**TODD et al. v. SHELL PETROLEUM CORPORATION et al.**

**No. 3236.**

Court of Civil Appeals of Texas. El Paso.

June 13, 1935.

Rehearing Denied Sept. 12, 1935.

Tom L. Beauchamp, Frank Bezoni, and Ernest S. Goens, all of Tyler, for plaintiffs in error.

Ireland Hampton and Sam J. Callaway, both of Fort Worth, Walace Hawkins, of Dallas, Angus Wynne, of Longview, Edwin M. Fulton and C. E. Florence, both of Gilmer, Robert F. Higgins, of Houston, Grady Goggans, of Dallas, and P. G. McElwee and W. K. Koerner, both of St. Louis, Mo., for defendant in error.

HIGGINS, Justice.

This is a suit by the children of F. T. Todd to recover an undivided one-half interest in a 388-acre tract of land which they claim as the community interest of their deceased father, F. T. Todd. Upon an instructed verdict judgment was rendered for defendants. The defendants claim under a deed to J. F. Long, executed by Mrs. A. P. Todd, the surviving wife of F. T. Todd, dated March 30, 1910. Todd and wife were married in 1875. In 1883 Mrs. Elizabeth Edwards, the mother of Mrs. Todd, conveyed the land to Mrs. Todd. In 1892 F. T. Todd died. Six months later Mrs. Todd was appointed community administrator under the statute and qualified.

It is the theory of the plaintiffs in error the land was community property of Todd and wife. The defendants in error assert the land was the separate property of Mrs. Todd, but if it was community the title nevertheless passed by her deed to Long in 1910.

The deed makes no reference to the authority of Mrs. Todd as community administrator, but it was for a valuable consideration and purports to convey the entire title in fee.

Whatever uncertainty may have previously existed as to the necessity of a deed or mortgage by a community administrator, qualified under the statute (Vernon's Ann. Civ. St. art. 3661 et seq.), showing upon its face that it was executed in such representative capacity, in order to convey or incumber the community interest of the deceased spouse, we regard as now settled by a number of recent decisions. Maxfield v. Pure Oil Co. (Tex. Civ. App.) 62 S.W.(2d) 259; McGraw v. Merchants' & P. Nat. Bank (Tex. Civ. App.) 34 S.W.(2d) 633; Lindsey v. Hargett (Tex. Civ. App.) 56 S.W.(2d) 517; Stone v. Light (Tex. Civ. App.) 228 S. W, 1108; Ostrom v. Arnold, 24 Tex. Civ. App. 192, 58 S. W. 630; Coleman v. Coleman (Tex. Civ. App.) 293 S. W. 695.

The authorities were reviewed at some length in Maxfield v. Pure Oil Co., supra, in which a writ of error was refused. These authorities support the view that Mrs. Todd's deed to Long passed the community interest of F. T. Todd, though such deed does not refer to her authority to act as the community administrator. As we view the same, there is nothing in the facts of this case to render inapplicable the authorities cited. We do not regard as material the fact that the deed to Long was not executed until nearly eighteen years after Mrs. Todd qualified as community administrator. Two of the children were still minors when the deed was executed. No partition had been demanded by the children, and there is nothing in the statute which would authorize the view that Mrs. Todd's authority to dispose of the community estate had terminated at the time she conveyed to Long. Drought v. Story (Tex. Civ. App.) 143 S. W. 361; Tholl v. Speer (Tex. Civ. App.) 230 S. W. 453.

Our conclusion is the deed to Long passed the community interest of the deceased spouse. This renders it unnecessary to consider the other theory of defendants in error that the land was the separate property of Mrs. Todd.

Affirmed.