RALPH A. BEATON ET AL V. LAWTON McFARLAND ET AL.

No. 7577. Decided January 3, 1940.
Rehearing overruled April 24, 1940.
(134 S. W., 2d Series, 1058.)

*Touchstone, Wight, Gormley, Strasburger & Price, Hamilton, Lipscomb, Wood & Swift,* all of Dallas, for plaintiffs.

It was error for the majority of the Court of Civil Appeals to hold that the plaintiff's petition alleged that the community survivor converted the entire community property, for the reason that it lacks any allegation against her for conversion embezzlement, mala fides, malfeasance or misfeasance, and affirmatively shows that she enjoyed the property acquired from Beaton for a decade. Ashbrook v. Hammer, 106 S. W. (2d) 776; Brunson v. Yount-Lee Oil Co., 122 Texas 237, 56 S. W. (2d) 1073, 65 C. J. 11.

*J. Frank Wison* and *J. Lee Zumalt,* both of Dallas, for defendants in error.

On question of conversion and liability of sureties. Love v. Keowne, 58 Texas 191; 14 Tex. Jur. 615; 33 Tex. Jur. 567.

MR. JUSTICE CRITZ delivered the opinion of the Court.

The opinion of the Court of Civil Appeals, which is reported at (page 654 this volume) 126 S. W. (2d) 719, correctly states the record and the law questions involved in this case, and correctly decides such law questions. Fidelity Union Insurance Co. v. Tate Hutchins et al., 134 Texas 268, 133 S. W. (2d) 105.

In the case just cited we, in principle, fully discussed and decided the law questions involved in the retrial of this case. As we interpret it, the opinion of the Court of Civil Appeals in this case is in harmony with our opinion in the Hutchins case. We therefore adopt the opinion of the Court of Civil Appeals as so interpreted.

The judgment of the Court of Civil Appeals, which reverses the judgment of the district court and remands the cause to the district court for trial on its merits, is affirmed.

Opinion delivered January 3, 1940.

Rehearing overruled April 24, 1940.

The opinion of the Court of Civil Appeals is as follows:

MR. CHIEF JUSTICE BOND delivered the opinion of the Court.

This appeal presents error on the action of the trial court in sustaining a general demurrer to plaintiffs' petition, and, plaintiffs declining to amend, dismissing the suit.

Appellants, Lawton McFarland, et al, instituted this suit against Ralph A. Beaton, Newton G. Flippen, H. A. Hardie and B. E. Haughton, alleging in substance, pertinent here, that they were and are the children of J. V. McFarland and Georgia McFarland, and that, at the death of their father, they inherited an undivided one-half interest in certain designated real and personal property of the reasonable cash market value of $10,750, the property being the community of their father and mother. On October 3, 1921, at the instance of the defendant Ralph A. Beaton, their mother, Mrs. Georgia McFarland, made application to and was appointed by the Probate Court of Dallas County, Texas, community survivor of the estate of herself and her deceased husband, and posted a bond in the sum of $16,000, with defendants as sureties, conditioned, in terms of law, that "she will faithfully administer such community estate and pay over one-half of the surplus thereof, after the payment of the debts with which the whole of such property is properly chargeable to such person or persons as shall be entitled to receive the same."

Plaintiffs further allege that immediately after qualifying as such administratrix, Mrs. McFarland took possession of all the community property, and, thereafter, in a manner as shall presently be related, breached the conditions of said bond, in that, she sold, mortgaged, exchanged and lost all of said community estate in a manner not authorized by law, and has failed to deliver to plaintiffs any part of the community property, to their damage in the sum of $10,750.

Plaintiffs allege that the defendant Ralph A. Beaton owned two certain lots in Dallas, Texas, and conceived the idea of inducing Mrs. McFarland to purchase said lots by sacrificing the community property as a payment therefor; and, to effectuate the deal, caused her to qualify as survivor administratrix, to enable her to sell and execute a deed to all the community property, to purchase the two lots from Beaton, which were incumbered with prior liens made by Beaton and wife to a loan company, in the sum of $12,000, and to incumber the lots further with an indemnity lien in favor of all the defendants, as security to their obligation in going on the community survivorship bond; and that on account of such liens, the administratrix was unable to negotiate sales of the Beaton lots through realtors, or otherwise, thus she suffered the loss of the entire community estate, to her damage in the sum of $8,500, and

plaintiffs suffered loss of their entire interest in the community, to their damage in the sum of $10,750.

It was further alleged in the tenor following:

"Plaintiffs show that during all said transactions the defendants by reason of their said lien on said property refused to allow said realtors to make any deal out of which the plaintiffs could recover anything; that the defendants delayed said realtors and the plaintiffs, and refused to co-operate with them and made it practically impossible to trade said property at any price whatsoever; that as a direct and proximate result of the acts of the defendants, and to their damage in the value of said equity in the sum of $8,500.00 as hereinabove set out.

"Plaintiffs show to the court that the said Mrs. Georgia McFarland was prevented by the defendants from faithfully performing her duties as survivor of said community, and as such community administrator according to law, and that as a direct and proximate result of such failure, she and the defendants have failed to pay over to the plaintiffs one half of the proceeds and of the value of said property so owned as herein set out; that as a direct and proximate result of said failure, the plaintiffs have suffered damages in the sum of $10,750.00 which amount but for said failure would have been paid over to them at this time.

"Plaintiffs further show that Mrs. Georgia McFarland was prevented from faithfully performing her duties as such, and from realizing the aforesaid equity of $8,500.00, out of said land so purchased from the said defendant, Beaton, and the direct and proximate result of the acts of the defendants in preventing her from making said trades and deals as herein set out; that by reason thereof, the said Mrs. Georgia McFarland has been damaged in the sum of one half of said equity and these plaintiffs in the sum of the other half of said equity, equalling as aforesaid $8500.00.

"Plaintiffs show that they have received before the institution of this suit a transfer from the said Mrs. Georgia McFarland of all her said cause of action and damage by reason thereof.

"That by reason of the premises, the plaintiffs are entitled to judgment against the defendants, jointly and severally, on account of the failure of the said Mrs. Georgia McFarland to comply with the conditions of said bond, in the said sum of $10,750.00; that if they be mistaken in that, for any reason, then they are entitled to judgment against the defendants, jointly and severally, for $8500.00, the amount of the equity in said land, which the acts of the defendants prevented the

said Mrs. Georgia McFarland from saving to herself and these plaintiffs and these plaintiffs are entitled to recover the said one half interest of said Mrs. Georgia McFarland, by reason of her transfer as aforesaid. That the said Mrs. Georgia McFarland, the principal in said community bond hereinbefore mentioned is insolvent, and for that reason is not made a party hereto."

We think, plaintiffs' petition, as above related, clearly shows that the administratrix received and converted the entire community property in a manner not essentially necessary in the administration of the estate; that the administratrix sold, mortgaged, and wasted the entire community, so that nothing, at the time of filing this suit, remained on hand with which the administratrix could respond to the conditions of her bond; and that the administratrix never paid to plaintiffs the one-half of said community estate, or any part thereof, which they inherited from their father. It is evident from the petition that, had the estate or the proceeds of sale been retained and not lost in the manner alleged, plaintiffs would have had a right of accounting for all rents, revenues and proceeds derived therefrom, and an election to sue the administratrix to pay over to them one-half of the property, or the remaining surplus, after payment of debts with which the whole of such property may have been properly chargeable. But, the petition shows that the entire estate and the proceeds of sale had been dissipated and lost,— not for the purpose of paying debts; thus the heirs had the right to treat the transaction as a conversion, a mal-administration of the estate's affairs, and to sue the community survivor and the sureties on her bond for the value of their property. Hand v. Errington, et al, 242 S. W. 722. Indeed, by virtue of the execution of the bond and qualifying as administratrix, the surviving partner of the marital union acquired the power to deal with the property as in the lifetime of her husband (Art. 3678 R. S. 1925), chargeable only with the duty of faithful administration, and the payment of community debts and the surplus, if any, to the person or persons as shall be entitled to receive the same. (Art. 3670). The bond stands in lieu of the property thus acquired, and takes the place of the property coming into the survivor's hands by virtue of the powers conferred on the surviving partner, and protects the children's interest in the community; so, if the estate is lost to them, other than for the payment of community debts, the children have a cause of action on the bond.

The condition of the bond is, not only that the administrator

will "faithfully administer" the estate, but that she will also "pay over one-half the surplus thereof to the person or persons as shall be entitled thereto"; so, where the survivor sells the community and converts the proceeds of sale, or suffers the loss of the proceeds, other than for the purposes provided by statute, thereby becoming unable to pay over to the owners their proportionate part of the estate, the sureties are liable on the bond; and in order to relieve themselves from such liability, it must be shown that the person or persons entitled thereto, received it. 14 Tex. Jur. par. 783 p. 620. 31 C. J. par. 1368 p. 212; Brown v. Seaman, 65 Texas 628; Ball v. Bankers Life Co. (Tex. Civ. App.) 103 S. W. (2d) 1111; McGraw, et al v. Merchants' & Planters' Nat. Bank of Sherman (Tex. Civ. App.) 34 S. W. (2d) 633 (writ refused); McGraw, et al v. Foxworth-Galbraith Lumber Co., 27 S. W. (2d) 554; Fidelity Union Ins. Co., et al, v. Hutchins, et al, 111 S. W. (2d) 292 (writ of error granted). (Reversed and remanded, 134 Texas 268.)

In Brown v. Seaman, supra, our Supreme Court said: "The right of the survivor in community to the absolute management of the common estate is secured by the statute, only in the event that a bond with sufficient sureties, and conditioned as the statute directs, is filed in the county court of the proper county. * * * In case the original bond was accepted and the survivor has acted under it, * * * the sureties upon the original bond are, of course, liable for his waste and mismanagement of the property, * * *. The bond takes the place of the wasted property, and a cause of action upon it exists, * * *." This is also the holding in Ball v. Bankers Life Co., supra.

■ We think, as against general demurrer, the petition in this case is sufficient to support any finding to the effect that the survivor converted the proceeds of sale of the community property for uses not provided by law; that the administratrix is unable to pay over to plaintiffs their interest in the community, or the proceeds of sale; and that she and the estate are wholly insolvent, thus, the sureties are liable and the suit maintainable by the children against the sureties, without making the principal on the bond a party to the suit.

■ The law does not require a foolish thing—the survivor being insolvent and all the community estates having been wasted and lost and nothing remaining to distribute to the heirs, no good purpose would be served in making the principal on the bond a party to the suit, and the law does not require it. (Arts.

1987 and 6251.) Plaintiffs' petition clearly traces all the community property into the hands of the survivor and shows distinctly the manner of its disposition and loss; that it was used for purposes not sanctioned by law, resulting in the survivor not being able to respond to the demands of the owners thereof, therefore, the sureties are called upon to indemnify the heirs to the amount of their interest in the estate, without reference to the existence of any fraudulent or mala-fides acts or omissions on the part of the administratrix, subject, of course, to the right of the sureties to deduct any charges allowed by law.

Plaintiffs' suit further presents an attempt to charge the sureties with a tort and resulting damages to Mrs. Georgia McFarland in the sum of $8,500, which had been transferred to plaintiffs. Mrs. McFarland is alleged to have owned a one-half interest in the community property when she purchased the two lots from Beaton, thus she became the absolute owner of a one-half interest therein, and, as the owner, she had the right to bind her interest in the property by the indemnity agreement entered into with her sureties. The giving of such indemnity security was in no way a devastavit, nor is it alleged culpable.

Insofar as Mrs. McFarland's one-half interest in the acquired property is concerned, and, as well, the equitable right of the children therein, the sureties had the right to refuse its release from the indemnity lien, and, any damage resulting to Mrs. McFarland or the community estate on account thereof could not render the sureties liable under any finding of a jury or court. No doubt, the execution of the indemnity lien frustrated the sale of the property purchased by Mrs. McFarland with community funds, but since she had the legal right to give such lien, any damage resulting to her or the estate would be damnum absque juria. Therefore, plaintiffs' attempt to state an independent cause of action, in their alternate plea for damages flowing to Mrs. McFarland, was subject to a general demurrer, and, perhaps, to special exceptions as bearing on plaintiffs' separate and independent suit on the bond.

In the case of Ball v. Bankers Life Co., supra, the contention was there made, as here alleged, that the survivor had no authority to incumber the community property, especially the interest of the children, for purposes other than to secure community debts. The Fort Worth Court of Appeals says:

"R. C. S. Art. 3669 provides that after application, appointment of appraisers, their return of inventory of property and

list of claims, and the filing by applicant of bond in the amount and conditioned as provided by law, the survivor, 'without any further action in the county court, shall have the right to control, manage and dispose of such community property as may seem for the best interest of the estate.' Under the provisions of the statutes relating to community administration, we think the quoted expression contained in Article 3669 above is sufficient to authorize the survivor to create a valid lien on the community property for debts not owing by the estate at the time of the death of the deceased spouse. The term 'right to control, manage and dispose' of the property would certainly include the lesser right to encumber it. The heirs will look to the bond in lieu of the property, should it not be in the hands of the survivor when distribution is made."

On cognate question, citing: Jordan's Executors &c v. Imthurn, et al, 51 Texas 276; Ostrom v. Arnold (Tex. Civ. App.) 58 S. W. 630; Coleman, et al v. Coleman, et al (Tex. Civ. App.) 293 S. W. 695 (writ refused); Drought, et al v. Story, et al (Tex. Civ. App.) 143 S. W. 361 (writ refused); McGraw, et al v. Merchants & Planters Nat. Bank of Sherman (Tex. Civ. App.) 34 S. W. (2d) 633 (writ refused); Tholl, et al v. Speer, et al (Tex. Civ. App.) 230 S. W. 453.

Plaintiffs' petition not being sufficient to allege damages founded in tort against the sureties, appellees' plea of misjoinder of causes was not available as to warrant the court to dismiss the suit on the bond. Wherefore, for the reasons stated, the judgment of the trial court is reversed and the cause remanded for further proceedings, consistent herewith.

Reversed and remanded.

Mr. Justice Young dissents.