Jack CRAVEN, Appellant,

v.

Alice L. CULPEPPER et al., Appellees.

No. 3636.

Court of Civil Appeals of Texas.

Eastland.

June 9, 1961.

Elbert R. Jandt, Sequin, for appellant.

Perkins & Zunker, Gonzales, for appellees.

GRISSOM, Chief Justice.

O. R. Culpepper was engaged in a business known as the Culpepper Produce Company. After his death, his widow, Alice L. Culpepper, qualified as community survivor and continued the operation of said business. It was the contention of Mrs. Culpepper, and the court found, that she, acting as Culpepper Produce Company, and Jack Craven entered into an agreement whereby they would purchase cattle, feed and sell them and equally divide the losses, if any; that they purchased feed from Schuler and Mrs. Culpepper paid the bill. Mrs. Culpepper, individually and as community survivor, sued Craven to recover one-half of the loss. Judgment was rendered for Mrs. Culpepper. Craven has appealed.

Appellant's points are that the court erred in finding that the parties entered into a joint venture because such finding is contrary to the law and facts. Appellant says executors and administrators were not permitted to operate a business, or become members of a partnership, at common law and that a community survivor cannot put the deceased's property into a new partnership. As we understand appellant's brief, he contends there was no agreement that he should share the losses, but if such an agreement existed it could not be enforced because the community survivor could not make such a contract and, further, that he is an employee and entitled to compensation for caring for the cattle.

In 14 Tex.Jur. 602, the author says that the administration of community property by the survivor is one of great latitude under the statute and that, upon qualifying as community administrator, the survivor acquires over the whole estate "the same right of management, control and disposition as may be exercised by the husband during the existence of the marriage." In McGraw v. Merchants' & Planters' National Bank, Tex.Civ.App., 34 S.W.2d 633, (Writ Ref.), it was held that the qualified survivor had authority to control, manage and dispose of the community estate in the same absolute and exclusive manner as the husband had during the lifetime of his wife and that the survivor's bond took the place of the deceased spouse's interest in the estate. In Lindsey v. Hargett, Tex.Civ.App., 56 S. W.2d 517, 518, it was held that a qualified community survivor had the same authority and power over the community property that the husband possessed before the death of his wife and included the right to mortgage such property to secure his personal debt. The decision in Maxfield v. Pure Oil Company, Tex.Civ.App., 62 S.W. 2d 259, (Writ Ref.), is to the same effect. In McFarland v. Beaton, Tex.Civ.App., 126 S.W.2d 719, (adopted and affirmed by the Supreme Court, 134 Tex. 652, 134 S.W.2d 1058), it was held that upon qualifying as community administratrix the wife acquired the right and power to deal with the community property in the same manner as the husband could in his lifetime and that her bond stood in lieu of others interest in the property. In Fidelity Union Insurance Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105, 110, our Supreme Court said:

"* * * By qualifying under the statute he acquires the right not only to manage, control, and dispose of his

one-half, but of the other one-half as well. Simply stated, the qualified survivor has the right, to the exclusion of the heirs, to take charge of the entire community estate, and manage, control, and dispose of it as he sees fit. The law makes no attempt to direct the qualified survivor how to administer the community estate. As already stated, his liability is fixed by the bond construed in the light of Article 3670. He must faithfully administer and finally account. The statutes absolutely define the object to be accomplished, but leave the means of such accomplishment to the discretion of the survivor. He may sell or otherwise dispose of all or any part of the community property. He may do this regardless of whether or not there are any community debts. He may use the proceeds of such sale as he sees fit."

Article 3669 [1] provided that the qualified community survivor had the right to control, manage and dispose of the community property in the same manner as during the lifetime of the deceased. Article 3678 [2] provides that the wife may retain the exclusive management, control and disposition of the community property in the same manner as the husband, until she marries again. Section 167 of the Probate Code, V.A.T.S. provides that the survivor shall have the right to control, manage and dispose of the community property in the same manner that the husband controls, manages and disposes of the community property in the lifetime of the wife. The husband in his lifetime could have made the agreement that the wife, as the qualified community survivor, made in this case. We conclude that the court correctly overruled appellant's contention that her contract was unenforceable. The evidence sustains the finding that said parties agreed to share the losses equally. The judgment is affirmed.

1. Now V.A.T.S. Probate Code, § 167.