Leslie **SHULTS**, Trustee, et al., Appellants,

v.

James L. **BARTZ**, Administrator, et al.,
Appellees.

No. 16956.

Court of Civil Appeals of Texas.

Fort Worth.

Aug. 2, 1968.

———◆———

Leslie Shults, Dallas, for Leslie Shults,
Trustee, and others.

Prothro & Sellers, Wichita Falls, for
Leland Fikes Foundation, Inc.

John R. Lindsey, Jacksboro, ad litem
for the Unknown Beneficiaries of H. H.
Tucker, Jr., Trustee, and others and Gene
Lary, Alvord, for Bonanza Oil Corp., and
others.

George M. Ritchie, Mineral Wells, for
appellant Southwestern Gas Pipline, Inc.

Borden, Hand & Zellers, and Jack Bor-
den, Weatherford, for appellee.

## OPINION

LANGDON, Justice.

The plaintiffs' (appellees') motion for
summary judgment was granted in a tres-
pass to try title suit to recover an un-
divided one-fourth (¼th) of all the oil,
gas and other minerals in, on or under, and
that may be produced from 1,029½ acres,
more or less, in Parker County, Texas.

The pleadings of the defendants (appel-
lants) contained a general denial, a plea
of not guilty, the three, five, ten and
twenty-five year statute, laches and stale
demand. The exceptions to the plaintiffs'
motion for summary judgment as well as
the motions for summary judgment filed
by defendants were overruled.

The controlling question presented on
appeal to this Court is whether or not
the plaintiffs, or their predecessors in title,
by either or both of two certain deeds,
conveyed an undivided one-half (½) in-
terest in the minerals? (It is conceded that
a one-fourth (¼th) interest was conveyed.)

The answer to this question depends upon the construction placed upon the following instruments:

(1) A mineral deed to H. H. Tucker, Jr., Trustee, dated February 25, 1919.[1]

I.

"THE STATE OF TEXAS
"COUNTY OF } KNOW ALL MEN BY THESE PRESENTS:

"That we, Mrs. S. R. Peters and Heirs of the County of Parker and State of Texas, for and in consideration of the sum of $12500. TWELVE THOUSAND AND FIVE HUNDRED DOLLARS. Five Hundred Dollars paid in cash and twelve notes of One Thousand each to be paid every thirty days from this date. (Dollars) to me in hand paid by H. H. Tucker, Jr., Trustee of Kansas City, Kans., receipt of which is hereby acknowledged, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said H. H. Tucker, Jr. Trustee one-half interest in her royalty on twelve hundred and seventeen acres of land interest in and to all of the oil, gas and other minerals in and under that certain tract of land situated in Parker County, State of Texas, containing Twelve Hundred & 17 acres of land and described as follows, to-wit: (Since it is not in issue we omit the land description.)

"This conveyance and assignment is subject to a certain oil and gas lease executed by Mrs. S. R. Peters and heirs to Weatherford Developing Co. and H. H. Tucker, Jr. dated as recorded in Vol. ____, Page ____ of the Deed Records of _____ County, Texas, to which reference is here made. This transfer also conveys the bonus, rentals and royalties which may be due or become due and payable for the interest hereby conveyed, together with all of the rights and privileges necessary for the operation and development of said premises for oil, gas or other minerals, and also the right to erect such improvements and equipment in and upon said premises for the purposes of removing said minerals from said premises and operate therefor.

"TO HAVE AND TO HOLD the above described property, rights and privileges unto the said H. H. Tucker, Jr. Trustee, his heirs and assigns forever, and we do hereby warrant the title to the above described rights, minerals and privileges unto the said H. H. Tucker, Jr. Trustee, his heirs and assigns forever, against every person claiming or to claim the same or any part thereof except as to G. W. Stang and his associates. (Excluding the words, "except as to G. W. Stang and his associates," this constitutes a covenant of general warranty. There is no evidence that the parties named have ever asserted any adverse claim.)

"WITNESS OUR HANDS AT WEATHERFORD, TEX. this the 25th day of Feb. 1919.

"Mrs. S. R. Peters
"Mrs. S. R. Peters
"M. L. Tierce
"Mattye Tierce
"Community and Survivor

"THE STATE OF TEXAS
"COUNTY OF PARKER }

"BEFORE ME, the undersigned authority, a Notary Public in and for the State and County aforesaid on this day personally appeared Mrs. S. R. Peters, Mrs. S. R. Peters, Community & Survivor, known to me to be the person whose name _____ subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 25th day of Feb. A. D. 1919.

"W. A. Strain, J. of P. Notary Public in and for Parker County, Texas
"SEAL

"Filed for record the 24th day of Feb. 1919 at 5 o'clock P. M. and recorded the 25th day of Feb. 1919 at 4 o'clock P. M.
"BEN C. HOLYFIELD, COUNTY CLERK, PARKER COUNTY, TEXAS
"By W. H. Hutcheson, Deputy"

(2) A quit claim deed to H. H. Tucker, Jr., Trustee, dated March 18, 1950, executed by Mrs. S. R. Peters, "also known as Mrs. Jodie Peters," a widow.[2]

The following facts are undisputed: S. R. Peters, also known as Sam R. Peters, is the common source of title to the lands involved and such lands were the community property of S. R. Peters and his wife, Mrs. S. R. Peters, also known as Jodie Peters and M. Jodie Peters.

S. R. Peters died intestate December 14, 1917, survived by his widow, Mrs. M. Jodie Peters, and four children. The names and ages of the children (in 1924) were: (1) Cora Peters Pincham (later Wor-

2.

"THE STATE OF TEXAS }
"COUNTY OF PARKER } KNOW ALL MEN BY THESE PRESENTS:

"That I, Mrs. S. R. Peters, also known as Mrs. Jodie Peters, of the County of Parker and State of Texas, for and in consideration of the sum of One & No/100 ($1.00) DOLLARS and other good and valuable considerations to me in hand paid by H. H. Tucker, Jr., Trustee, of the County of Dallas, and State of Texas, the receipt of which is hereby acknowledged, do by these presents, bargain, sell, release and forever quit claim unto the said H. H. Tucker, Jr., Trustee, his successors, heir and assigns, all my right and interest in and to that certain tract or parcel of land lying in the County of Parker and State of Texas, described as follows, to-wit:

"An undivided one-half interest in and to all the oil, gas and other minerals in and under and which may be produced from 1029½ acres of land, more or less, in Parker County, Texas, fully described in mineral deed from Mrs. S. R. Peters, as Community Survivor of herself and her deceased husband, S. R. Peters, joined by M. L. Tierce and Mattye Tierce to H. H. Tucker, Jr., Trustee and recorded in Book 110, Page 443 of the Deed Records of Parker County, Texas, to which said deed and the record thereof reference is here made for a full description of said 1029½ acres of land herein mentioned, the same as if fully copied herein. It being the intention herein to convey all my individual interest, if any, I may have, in and to the one-half interest in the minerals conveyed in said mineral deed above mentioned.

"TO HAVE AND TO HOLD the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said H. H. Tucker, Jr., Trustee, his successors, heirs and assigns forever, so that neither the said—nor my heirs nor any person or persons claiming under me shall at any time hereafter have claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof.

"WITNESS MY HAND at _____ this 18th day of March, A. D. 1950.
"Mrs. S. R. Peters
"Witnesses at request of grantor
"M. L. Tierce
"Mrs. M. L. Tierce

"THE STATE OF TEXAS }
"COUNTY OF PARKER }

"BEFORE ME, the undersigned, a Notary Public in and for said County, Texas, on this day personally appeared Mrs. S. R. Peters, a widow, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 18 day of March, A. D. 1950.

"A. S. Hightower, Notary Public Parker County, Texas
"SEAL
"Filed for record May 24, 1950 at 8 A. M. and recorded May 24, 1950
"at 2 P. M.
"W. P. ASHCROFT, COUNTY CLERK OF PARKER COUNTY, TEXAS
"By: S/ Ola Mae Perkins, Deputy"

cester), 38 years; (2) Mattie E. Tierce (wife of Millard L. Tierce), 27 years; (3) Marion F. Peters (wife Vyda Lowe Peters), 22 years; (4) Bernice L. Peters (later Bernice L. Rogers), 15 years.

Mrs. Peters applied for Community Administration, January 12, 1918, alleging inter alia the existence of community debts. She was duly appointed. Her bond in the amount of $44,296.90 and inventory was filed and approved and by order entered January 26, 1918, she was authorized to control, manage and dispose of said community estate.

The regularity of the proceedings pertaining to Mrs. Peters' appointment and her qualification is unchallenged.

The appellants have launched a three pronged attack on the action of the trial court contending that (1) the 1919 deed from Mrs. S. R. Peters to H. H. Tucker, Jr., Trustee, on its face and under applicable rules of law, conveyed a full one-half interest in the minerals and not merely "one-half of one-half," as contended by the appellees; (2) if the 1919 deed from Mrs. Peters to Tucker be held ambiguous, then the parties hereto, by their subsequent acts, have interpreted and construed it to convey a full one-half interest, and shown that it was their intention for the deed to convey a full one-half interest and appellees are bound by such interpretation; and (3) the 1950 deed from Mrs. S. R. Peters to H. H. Tucker, Jr., Trustee, either alone or with the 1919 deed from the same grantor to the same grantee, conveyed a full one-half interest in the minerals; thereby leaving no title or interest in the heirs or estate of S. R. Peters (appellees) and appellees therefore are not entitled to recover.

Under part one of their attack the appellants are in effect contending that there is no ambiguity in the deed in question and under applicable rules of construction they are entitled to ½ interest whereas the appellees are contending with equal vigor that the same deed conveyed only a one-fourth (¼th) interest. This in itself, under the facts of this case, clearly indicate that the instrument in question is susceptible of more than one construction and thus is ambiguous. This conclusion is supported by an examination of the instruments themselves. Since in our opinion the instruments are ambiguous it follows that extrinsic evidence was admissible to determine the intention of the parties. Such evidence, including other instruments, was available and undoubtedly will shed some light upon the question. 19 Tex.Jur.2d 485, § 164, and authorities cited. See also Smith v. Allison, 157 Tex. 220, 301 S.W.2d 608.

We hold that the 1919 deed from Mrs. Peters to Tucker is ambiguous and that there is a fact question presented as to whether the parties thereto by subsequent acts have interpreted and construed the deed and thereby shown what they intended the deed to convey. This being a question of fact it was error for the court to grant the plaintiffs' motion for summary judgment.

In 19 Tex.Jur.2d, page 420, Deeds, Sec. 121, the following principle is stated: "Where a party to a deed recites its effect, as he understands it, in another deed to a third person, the recital may be regarded as a practical construction, and entitled to great weight in determining the proper interpretation of the first deed."

See also 23 Am.Jur.2d 217, Deeds, Sec. 171, on the same principle: "A deed which is ambiguous or uncertain may be made definite and certain by the practical construction of the parties to it while in interest. The construction put on such a deed by the parties is an indication of their intention, and to determine their construction the court may properly consider their subsequent acts and admissions. Great weight is to be given to the construction put upon an ambiguous or uncertain deed by the parties, especially in the case of doubtful questions which must be presumed to be within their knowledge, and such

practical interpretation of the parties themselves by their acts under a deed is entitled to great, if not controlling, influence."

26 Corpus Juris Secundum, page 852, Deeds, Sec. 93 states: "Where a deed is ambiguous, subsequent acts of the parties, showing the construction they put on the instrument, are entitled to great weight in determining what the parties intended, and such construction may be deemed the true one, unless the contrary is shown." Also see Humble Oil & Refining Co. v. Reclamation Co., 58 S.W.2d 1082 (Fort Worth Civ.App., 1933, dism.); Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504 (Tex.Sup., 1942); Webb v. British American Oil Producing Company, 281 S.W.2d 726 (Eastland Civ.App., 1955, ref. n. r. e.); Gulf Coast Water Co. v. Hamman Exploration Co., 160 S.W.2d 92 (Galveston Civ.App., 1942, writ ref.).

Reversed and remanded for trial.

RENFRO, J., not participating.