H. H. COFFIELD, Appellant,

v.

Leslie SHULTS, Trustee, et al., Appellees.

No. 17181.

Court of Civil Appeals of Texas, Fort Worth.

March 12, 1971.

McKay & Avery, and Michael A. Wash, Austin, for appellant (on appeal only).

Leslie Shults, Dallas, John R. Lindsey, Jacksboro, Prothro & Sellers, Lee Sellers, Wichita Falls, and Gene Lary, Alvord, for appellees.

## OPINION

BREWSTER, Justice.

The judgment in this trespass to try title case decreed that the plaintiffs and intervenors take nothing by their cause of action against the defendants herein, and this appeal therefrom is made by H. H. Coffield, who was an intervenor in the trial court.

The plaintiffs herein, being all the heirs of one S. R. Peters, deceased, brought this suit in trespass to try title against the defendants seeking to recover from defendants the title to an undivided $\frac{1}{4}$th interest in all the oil, gas, and other minerals under a certain 1,029½ acre tract of land located in Parker County, Texas.

The appellant here, H. H. Coffield, and Trans-Continental Oil and Gas Company intervened in the case. These intervenors adopted the plaintiffs' pleadings as their own and then alleged further that they owned the oil and gas leasehold estate on the $\frac{1}{4}$th interest in the minerals that plaintiffs were seeking to recover. Intervenors alleged that they acquired this oil and gas leasehold estate by virtue of two certain oil and gas leases executed by the plaintiffs in their favor.

None of the plaintiffs appealed from the judgment for defendants and the intervenor, Trans-Continental Oil and Gas Company, has also not appealed. The trial court's judgment as to all those parties has therefore become final, and the intervenor, H. H. Coffield, is the only party in this case who has appealed from the trial court's judgment.

We are convinced that under the record made in this case that this Court is required to affirm the judgment appealed from. The law controlling the disposition of this appeal is relatively simple and is well established.

In this non-jury trial no findings of fact and conclusions of law were either filed by or requested of the trial court.

■ On an appeal in a non-jury case where findings of fact and conclusions of law were not requested of or filed by the trial court the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup., 1968); and Crawford v. Boyd, 453 S.W.2d 232 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.).

The appellant, Coffield, was in the position of a plaintiff in the trial court. He, in effect, brought this trespass to try title case against the appellees here (defendants below) to recover from them the title to an oil and gas leasehold estate on a $\frac{1}{4}$th undivided interest in the minerals under the land involved.

■ The burden at the trial of this case was on the appellant, Coffield, to connect his title with the common source of title that the parties had agreed upon. If he did not sustain his burden of proving title from the common source into himself, then the trial judge was required under the law to render judgment for the defendant. Jones v. Mid-State Homes, Inc., 163 Tex. 229, 356 S.W.2d 923 (1962).

"* * * in a trespass to try title suit, the plaintiff must recover upon the strength of his own title. * * * If the plaintiff * * * fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant." Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 (1961).

The following is from 56 Tex.Jur.2d 255, Sec. 121, Trespass to Try Title: "If the parties have agreed as to common source it is incumbent on plaintiff to discharge his

burden of proof to establish a superior title from such source."

And at page 250, Sec. 120, in the same volume, is the following: "Plaintiff may establish a prima facie case for recovery by showing * * * emanation of title from a common source. * * * Until plaintiff presents prima facie proof of title, the defendant is not required to offer evidence of his title, and plaintiff may not rely on his failure to do so. If plaintiff fails in his proof of title he cannot recover * * *."

In the trial court all the parties stipulated that S. R. Peters was the common source of title; that he was married to Jodie Peters; and that this property in question was at the time that S. R. Peters owned it the community property of that marriage between him and Jodie Peters. It was further agreed that S. R. Peters died intestate, and that Jodie Peters qualified as Community Administratrix of the estate of herself and S. R. Peters. Peters died December 14, 1917, and Mrs. Jodie Peters qualified as Community Administratrix of the estate in 1918. The plaintiffs were all of the heirs of S. R. Peters.

The plaintiffs and the intervenors in this case were represented in the trial court by the same attorneys. Appellant made no effort at the trial of this case to prove title from the sovereignty of the soil down to himself, but relied on the common source of title doctrine.

All parties have recognized throughout the proceedings that ½ of the minerals under the tract involved have been conveyed away by Mr. or Mrs. S. R. Peters or their heirs or successors. That ½ of the minerals has never at any time been involved in this case.

At the trial appellant introduced the February 25, 1919 deed from Jodie Peters, et al. to H. H. Tucker, Jr., Trustee. Appellant's contention then and now is that this deed only conveyed a ¼th interest in the remaining minerals, instead of a ½ interest therein, to the grantee in such deed. They say that the effect of this transaction was to leave a ¼th interest in the minerals in the plaintiffs who are the only heirs of S. R. Peters, deceased. Coffield claims that the plaintiffs are the present owners of that ¼th mineral interest. His pleading alleged that he and the other intervenor acquired the oil and gas leasehold estate on this particular ¼th interest owned by the plaintiffs by virtue of two (2) oil and gas leases that plaintiffs executed in favor of intervenors.

The trial court held that the construction of the 1919 deed, as contended for by appellant, is incorrect and that the deed conveyed ½ the minerals to the grantee, thus leaving none of such minerals vested in plaintiffs and rendered a take nothing judgment in favor of defendants against both plaintiffs and intervenors.

This adjudication is now a final judgment in so far as all the plaintiffs and the intervenor, Trans-Continental Oil and Gas Company, are concerned, because they did not appeal from such decree.

In passing on this appeal by the intervenor, Coffield, even if we assume for the purposes of this appeal only that the construction of the 1919 deed which he contends for is correct and that plaintiffs are the owners of the ¼th mineral interest in question, then Coffield still was not entitled to a judgment in the trial court and we still must affirm the trial court's judgment for defendants.

This is true because Coffield made no effort to prove a chain of title to the oil and gas leasehold estate from the plaintiffs (the Peters' heirs) into himself. His proof, or lack thereof, left at least one missing link in his chain of title. Although he and the other intervenor pleaded that their title to such leasehold estate was acquired through two oil and gas leases that plaintiffs executed in their favor, neither of these leases were offered in evidence. Because the record contained no evidence whatever tending to establish the alleged

link in the chain of title from plaintiffs, into the intervenor, Coffield, (the oil and gas leases that they pleaded were in existence), the trial court did that which he was duty bound to do when he rendered the take nothing judgment for defendants.

The judgment appealed from decrees that plaintiffs and intervenors take nothing by their cause of action herein. It in no way indicates the basis of the decision or the court's reasoning in reaching such decision, and the record does not otherwise indicate the court's reasons for rendering the decree in question.

This theory which we have illustrated to the effect that appellant failed to sustain the burden of proof that was on him of proving a chain of title from the common source into himself is a legal theory, supported by the evidence in the case, upon which the trial court's judgment can be upheld. Under the holding in the Seaman case, supra, we are therefore required to affirm said judgment.

We have considered all of appellant's points of error and overrule them.

We are convinced that it would be useless for us to burden this opinion with a discussion of appellant's points of error. Nothing could be gained by anyone by such a discussion, because the trial court was obligated to render judgment for defendants under the record made in the case for the simple reason that appellant rested without proving a complete chain of title from the common source that the parties had agreed upon into himself. As far as the evidence offered in the trial court is concerned, the appellant, Coffield, is a stranger to the title to the realty involved. No stipulation that the attorneys made during the trial cured this omission in the proof.

Even if appellant was right about all his points of error, we must still affirm the judgment because of his failure to connect his title to that of the common source.

This case was before this Court on a prior appeal, the opinion being reported in Shultz v. Bartz, Tex.Civ.App., 431 S.W.2d 416. Since the principles of law there discussed have not entered into a determination of this second appeal for the reasons above stated, we will not discuss the prior appeal.

The judgment is affirmed.