Theodore T. HOLLEN, III, Appellant,

v.

LEADERSHIP HOMES, INC., Appellee.

No. 6342.

Court of Civil Appeals of Texas,
El Paso.

Nov. 28, 1973.

Theodore T. Hollen, III, Austin, for appellant.

Glenn E. Woodard, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a suit brought in the nature of a debt to recover sums paid by Appellee at the request and for the benefit of Appellant in connection with the sale of a house in El Paso, and with a counterclaim by Appellant for damages resulting from his having purchased the house from the Appellee. The trial Court entered judgment for Appellee on its suit for the debt and denied Appellant recovery on his cross-action. We affirm that judgment.

Appellee, a home builder, sold a new home to Appellant and as a part of the purchase price Appellee was to receive as a trade-in another house which the Appellant owned prior to this sale. The Appellee alleged that at the time of closing, and at the request of the Appellant, it paid $407.81 in closing costs to the title company, which Appellant had obligated himself to pay. In addition it was alleged that Appellee at the request of the Appellant also paid $310.63 for back taxes and $157.00 for a title policy on the property being traded in on the new home, all of which Appellant was obligated to pay as part of the sale and trade.

In a non-jury trial, Appellee offered proof that all of said sums were paid at the request of the Appellant with the understanding that they would be repaid within one week. Although demand was made no payment was ever received. After suit was filed to recover payment of the debt, Appellant answered and filed a counterclaim seeking to recover damages for breach of warranty, alleging that there were defects in the house and certain appliances therein.

■ The Appellant, an attorney who represented himself and was his only witness and counsel, appears in the triple capacity described by Judge Brown in Rachal v. Allen, 321 F.2d 449 (5th Cir. 1963), as "litigant-swearer-advocate." He first contends that any agreement to repay the sums sued for is barred by the Statute of

Frauds, Tex.Bus. & Comm.Code Ann. § 26.01(b)(4) (1968), V.T.C.A., because this debt involves a contract for the sale of real estate and is not in writing and signed by the person sought to be charged with the promise or agreement. This being a suit for recovery of money and not a suit for the recovery of real estate, the statute of frauds is not a valid defense. Clower v. Brookman, 325 S.W.2d 440 (Tex.Civ.App. —San Antonio 1959, no writ). This is particularly true in this case since the contract for the sale and transfer of real estate was fully consummated and all deeds delivered, and this suit does not purport to give the Appellee any interest in the land sold or a lien thereon. Berne v. Keith, 361 S.W.2d 592 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.). The Appellant's first point is overruled.

By his next two points of error, the Appellant contends that the trial Court erred in entering judgment for Appellee because there was no evidence or insufficient evidence to show that the expenses paid by Appellee were reasonable or necessary. This is not a suit in the nature of a claim for services rendered, where it is necessary to prove that the amount of the claim was reasonable and the services necessary. Rather, this suit is one for debt, in the form of assumpsit, for money paid. 6 Tex.Jur.2d 550, Assumpsit, Sec. 5. In such a case, if the amount of the debt and promise to pay be established, recovery may be had, without the necessity of proving that the amounts involved were reasonable and necessary. The second and third points are overruled.

Appellant also contends that the trial Court erred in not granting him a set-off for breach of warranty as a result of repairs he made to the new house, and also because of the reduction in market value resulting from such breach of warranty and Appellee's failure to make necessary repairs. It is the law of this State that one who builds and sells new houses does impliedly warrant that such house was con-structed in a good workmanlike manner and is suitable for human habitation. Humber v. Morton, 426 S.W.2d 554 (Tex. Sup.1968). In such cases the doctrine of caveat emptor does not apply, and a tort action will lie for breach of such warranty. See Note, 23 Sw.L.J. 750 and 25 A.L.R.3d 383.

The evidence established that Appellant purchased the new house in January, 1971, at a cost of $24,950.00 and sold it in May, 1972, for the sum of $26,200.00 or $1,250.00 more than he paid for it. Appellant testified that he made some improvements himself, which included $485.00 for landscaping and $120.00 to install gas lines for a dryer. It was his contention that the house should have sold for $27,445.00 but that he had to allow his purchaser a credit of $1,245.00 as the cost of replacing some carpet, repairing a bathroom wall and replacing a dishwasher and screen door. He never qualified himself to give opinion evidence either as to market values or as to the particular cost of repairs he contended were needed when he bought the house. Although he had complaints about several items in the house, he did not offer proof of any particular defects other than some water leaks.

The case having been tried to the Court without a jury, it was for the trial judge to determine the credibility of the witnesses and the weight to be given their testimony. Niagara Fire Insurance Company v. Numismatic Company of Fort Worth, 380 S.W.2d 830 (Tex.Civ.App.— Fort Worth 1964, writ ref'd n. r. e.). In determining the weight to be given to the testimony of a witness, the trial Court may take into consideration any interest of the witness in the subject matter of the suit. 24 Tex.Jur.2d 363, Evidence, Sec. 709. Since no findings of fact or conclusions of law were requested or filed by the trial Court, it is implied that all necessary fact findings were made in support of the judgment and such judgment should be affirmed if there is any evidence to support it upon any reasonable theory authorized

by law. Pecos Mining Company v. Richardson, 318 S.W.2d 3 (Tex.Civ.App.—Amarillo 1958, no writ); Coffield v. Shults, 464 S.W.2d 947 (Tex.Civ.App.—Fort Worth 1971, no writ).

The trial Court as the fact finder in this case was not bound by the testimony of the Appellant and it was his right to believe or disregard such testimony. This is particularly true in this case where the only witness with regard to the issues on the counterclaim was the Appellant himself and a serious question was raised as to his qualifications concerning the issues involved in that counterclaim. The trial Court having rejected that testimony and denied recovery on the counterclaim there is no basis for this Court to conclude that its decision was erroneous. The Appellant's fourth and fifth points are overruled.

The judgment of the trial Court is in all things affirmed.