[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A contract signed by all the parties (Plaintiff's Exhibit 1) exhibits that the defendant agreed to sell and convey 50 Glen Street, Milford, CT to the plaintiffs. Prior to the entire completion of the home the deed was conveyed in August 12, 1991. In February of 1994 it became apparent that water was coming through the ceiling causing water damage to the ceiling. Expert opinion at the time of trial stated that the roof had been poorly constructed and did not have felt paper which the plaintiffs allege caused the damage. A lack of felt was in violation of the Milford building code. Eventually the entire roof was replaced.
The damage payment to the new roofer was $7,775.00. The plaintiffs gave credit to the defendant for the value of the material left on the previous roof and minimized the damage to $5,000.00. The defendant had no personal knowledge of any of the facts and he produced various cancelled checks between the defendant and the Tri-City Builders. The defendant contends he had no knowledge at the time of the closing of any violation of code or law as he was not the builder of the home. Under the contract of sale between the plaintiffs and the defendant the defendant represented that they had examined the property and were satisfied with the physical condition and further the seller made no other representations or promises other than those expressly stated within the agreement.
The plaintiff Robert Gregory testified that he entered into the contract voluntarily and had a physical inspection of the property done by a qualified engineer. In the entire trial there CT Page 10990 was no claim that the defendant supervised the construction.
This is an action against an original builder insofar as the plaintiffs could have sustained an action for negligence or a tort. However, there is no privity between the plaintiffs and the vendor of said property. The reference in the complaint and on trial the plaintiffs seemed to treat the defendant and the original builder as the same party. The court cannot infer the negligence of the builder to the vendor. The doctrine of implied warranty has been extended in recent years to protect the consumers of numerous products from the effects of dangerous or defective items. This trend has been extended by many states to the sale of new homes. We recently noted "that the overwhelming trend in recent decisions from other jurisdictions, as well as in our own Superior Court, is to invoke the doctrine of implied warranty of workmanship and habitability in cases involving the sale of new homes by the builder. See e.g., City of Philadelphia v. Page, 363 F. Sup. 148
(E.D. Pa.); Vernali v. Centrella, 28 Conn. Sup. 476, 266 A.2d 200;Theis v. Heuer, 149 Ind. App. 52, 280 N.E.2d 300; Yepsen v.Burgess, 269 Or. 635, 525 P.2d 1019; Elderkin v. Gaster, 447 Pa. 118,288 A.2d 771; Padula v. J.J. Deb-Cin Homes, Inc., 502 S.W.2d 837
(Tex.Civ.App. ), and cases collected at 25 A.L.R.3d 383, 413-19, as supplemented." Scribner v. O'Brien, Inc., 169 Conn. 389,402-403, 363 A.2d 160. However, this limits the implied warranty to the original builder and the original vendor. The implied warranty did not extend to the plaintiffs.
We find this limitation is fatal to the plaintiffs on the implied warranty claim. The entire theme of the plaintiff's complaint indicates the vendor was the builder. I emphasize this portion of my decision because it is clear from the facts that the vendor was not the builder. The builder was a corporation named Tri-City Builders.
There was no reason to extend or transpose the privity requirements of a cause of action based on implied warranty or breach of contract and apply it to negligence actions. InMcDonough v. Whalen, See 365 Mass. 506, 512; 313 N.E.2d 435, it emphasized this legal proposition by constant repetition in that it is generally recognized that a builder-vendor is liable for the effect of his negligence if they were foreseeable. In this action the builder could have foreseen that improper insulation of the roof would cause damage. However, the plaintiffs are left without a cause of action because we cannot transmit this tort to the defendant. CT Page 10991
The court finds for the defendant with costs.
Philip E. Mancini, Jr. State Trial Referee